Commonwealth, to use, Appellant, *v.* Lentz.

Argued September 25, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*David R. Perry,* Special Deputy Attorney General, with him *James H. Duff,* Attorney General, and *Crowell & Whitehead,* for appellant.

*Wm. M. Kahanowitz,* for appellee.

Opinion by Mr. Justice Jones, October 30, 1945:

The question raised on this appeal is whether a defense to the merits of an assessment for unemployment compensation contributions, made under Sec. 304 of the Unemployment Compensation Act of 1936 [1] (43 P. S. § 784), may be interposed to a scire facias issued upon a lien duly entered on the assessment after the time allowed by statute for questioning it had expired and it had become final. The learned court below in banc (one judge dissenting) held that it could be. With that conclusion, we cannot agree.

Sec. 304 of the Unemployment Compensation Act requires each employer (as elsewhere defined by the Act) to file with the Department of Labor and Industry "such reports, at such times, and containing such information, as the department shall require, for the purpose of ascertaining and paying the contributions required by this act." If any employer fails to make a required report within the time prescribed, "the department may make an assessment of contributions against such employer of such amount of contributions for which the department believes such employer to be liable . . .": Paragraph (a) of Sec. 304. Paragraph (a) also requires the department to give the employer notice of an assessment by registered mail within fifteen days after the same has been made.

If the employer is dissatisfied with an assessment so made against him, he may petition the department for a reassessment, within fifteen days of his receipt of notice of the assessment, by following the procedure prescribed by Paragraph (b) of Sec. 304. And, if the petitioning employer is dissatisfied with the action of the department on his petition for reassessment, Paragraph (c) of Sec. 304 accords him a right of appeal to the Court

---

[1] Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended by the Act of April 23, 1942 (Ex. Sess.), P. L. 60.

of Common Pleas of Dauphin County, in the manner prescribed, within thirty days after being notified of the action of the department.

As to any employer who fails to petition for reassessment or, having so petitioned, fails to appeal to the Court of Common Pleas of Dauphin County within the time and in the manner provided in the Act, Paragraph (d) of Sec. 304, as amended by the Act of 1942, cit. supra, provides that "such assessment or re-assessment of the department shall then become final, and the contributions and interest assessed or re-assessed by the department become forthwith due and payable, and no defense which might have been determined by the department or in the event of appeal from re-assessment by the court shall be available to any employer in any suit or proceeding brought by the Commonwealth . . . for the recovery of such contribution based on such assessment or re-assessment."

Sec. 308.1 of the Act provides that "All contributions and the interest and penalties thereon due and payable by an employer under the provisions of [the] act shall be a lien upon the franchises and property, both real and personal, of the employer liable therefor, . . ." and, further, authorizes the department at any time to "transmit to the prothonotaries of the respective counties of the Commonwealth, to be by them entered of record, certified copies of all liens for unpaid contributions, interest and penalties . . . , upon which record it shall be lawful for writs of scire facias to issue and be prosecuted to judgment and execution in the same manner as such writs are ordinarily employed."

In the instant case, the defendant failed to make any reports with respect to his employees and their wages, as required by the department. Consequently, after due notice, the department, acting in strict conformity with the provisions of the Act, made an assessment against the defendant for contributions for certain specified years. Although also duly notified thereafter of the as-

sessment thus made, the defendant did not petition the department for a reassessment nor did he take any steps looking to an appeal therefrom to the Court of Common Pleas of Dauphin County. When the time for so questioning the assessment had expired, it automatically became final (Paragraph (d) of Sec. 304) and a lien on account thereof forthwith attached by operation of law (Sec. 308.1). In due course, the department caused a certified copy of the lien to be entered of record in the office of the prothonotary of Westmoreland County (the place of the defendant's residence and business) and thereafter issued a writ of scire facias thereon in the name of the Commonwealth for the purpose of reducing the claim covered by the lien to judgment and of having execution thereon. It was not until the step last mentioned was taken that the defendant for the first time attempted to question the merit of the assessment. This, he did by filing an affidavit of defense to the sci. fa. wherein he alleged that he was not an employer within the contemplation of the Act and averred certain facts to support his conclusion. Thereupon, the Commonwealth, as plaintiff, entered a rule for judgment for want of a sufficient affidavit of defense which, after argument, was discharged by the learned court below in the order from which the Commonwealth now appeals.

The learned court below mistakenly apprehended that the denial in the defendant's affidavit that he was an employer within the contemplation of the Unemployment Compensation Act during the years involved impeached the department's jurisdiction in the matter. Whether the defendant was an employer and, as such, subject to the provisions of the Act depended upon a factual determination which the department was competent to make (and which it did make) in an exercise of the power conferred upon it by the Act. The department's jurisdiction in the premises did not depend upon the import of its findings of fact or ultimate conclusions. By way of illustration, should the department, after a

hearing to which any employer is entitled in respect of a proposed assessment, decide that the subject is not an employer within the scope of the Act and, therefore, not liable for contributions, it could not be said that jurisdiction in the department to hear and determine the matter was wanting because of its ultimate conclusion.

Due process of law is not denied when prescribed administrative procedure is faithfully pursued upon due notice and with an opportunity to the party to be charged to be heard before the matter becomes final and a right to court review. These conditions were fully met in the instant case. The defendant was given due notice of each step undertaken by the department, looking to the making of an assessment against him, and was given timely notice of the resultant action taken by the department. On the other hand, the defendant deliberately refrained from contesting the assessment in the department, made no attempt to petition for a reassessment and necessarily, therefore, did not seek to appeal the matter to the Court of Common Pleas of Dauphin County as he otherwise would have had a right to do. Thus, the assessment became final and the contributions, embraced thereby, became due and payable.

The assessment procedure provided for by the Unemployment Compensation Act does not differ materially from that ordinarily prescribed for the ascertainment and making of assessments for public use or benefit. Tax assessments made under comparable procedure have not been considered to constitute a denial of due process. In *Hodge v. Muscatine County, Iowa,* 196 U. S. 276, 281, the Supreme Court of the United States said that "If the taxpayer be given an opportunity to test the validity of the tax at any time before it is made final, whether the proceeding for review take place before a board having a *quasi* judicial character, or before a tribunal provided by the State for the purpose of determining such questions, due process of law is not denied." Compare also *Palmer v. McMahon,* 133 U. S. 660, 669, and *McMillen v. Anderson,* 95 U. S. 37, 41.

Nor is there any constitutional invalidity in the provision in Paragraph (d) of Sec. 304 which denies to a defendant in a suit by the Commonwealth for the collection of finally assessed contributions a defense based upon matter which might have been determined by the department, if raised timely. That provision is but a specific extension of the rule which has long obtained in this State that statutory remedies must be strictly pursued. The Act of March 21, 1806, P. L. 558, 4 Sm. L. 326, Sec. 13 (46 P. S. § 156), provides that "In all cases where a remedy is provided, or duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of the said acts shall be strictly pursued . . . ." In practice, that has meant that one who fails to exhaust his statutory remedies may not thereafter raise an issue which could have and should have been raised in the proceeding afforded by his statutory remedy. See *Bartron v. Northampton County,* 342 Pa. 163, 168, 19 A. 2d 263; cf. *Myers v. Bethlehem Shipbuilding Corp.,* 303 U. S. 41, 50-52. In *Gorham Manufacturing Company v. Tax Commission,* 266 U. S. 265, 269-270, it was said that "A taxpayer who does not exhaust the remedy provided before an administrative board to secure the correct assessment of a tax, cannot thereafter be heard by a judicial tribunal to assert its invalidity." Such a limitation, in the circumstances specified, does not offend against any constitutional guarantee. See *Anniston Manufacturing Co. v. Davis,* 301 U. S. 337, 353.

We think it is clear that the provision in Paragraph (d) of Sec. 304 as amended is valid and that, consequently, the defense which the defendant sought to interpose to the scire facias was unavailable to him in the undeniable circumstances. The Commonwealth was therefore entitled to a summary judgment.

The judgment is reversed and the record remanded with directions to the court below to make the rule for judgment absolute and to enter judgment for the plaintiff accordingly.