## Appeal of Manufacturers Golf and Country Club

*David J. Perry*, for Commonwealth.
*W. E. Shissler*, for appellant.

WOODSIDE, J., September 3, 1946.—This comes before us on appeal from the action of the Department of Labor and Industry in increasing the rate of the unemployment compensation tax or "contributions" of appellant from 1 percent to 2.7 percent for 1945 because of unpaid taxes due by appellant on December 31, 1944.

It is agreed that appellant qualifies under section 301 of the Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, as amended by the Act of May 26, 1943, P. L. 639, 43 PS §781, to a rate of 1 percent except for the following:

"(e) No employer's rate of contribution for any calendar year, commencing with 1944, shall be less than two and seven-tenths per centum, unless all his contributions due on wages paid to the end of the third calendar quarter of the preceding calendar year have been paid by December 31st of such preceding calendar year."

It is the contention of appellant that all its unemployment compensation taxes due on December 31, 1944, were paid with the exception of those which were in dispute. It is further contended that the above provision is in the nature of a penalty and that if the taxes in dispute are paid promptly upon the final determination that they are due, the penalty provided above should not be imposed.

It is argued by appellant, and not entirely without merit, that a penalty of 170 percent on the next year's taxes, plus the interest "penalty" of 1 percent per month on unpaid taxes is so severe that the legislature could not have intended to impose it upon a taxpayer who has paid all his taxes with the exception of those which are in dispute. To support this contention appellant has cited Arrott v. Allegheny County, 328 Pa. 293 (1937), Ferguson v. Pittsburgh, 159 Pa. 435 (1894), Integrity Trust Co. v. Fell et al., 17 D. & C.

97 (1932), Fidelity-Phila. Trust Co.'s Appeal, 337 Pa. 34 (1939), and Fidelity-Phila. Trust Co. et al. v. Hines, 337 Pa. 48 (1940).

Unfortunately for appellant no legal dispute over the unpaid taxes existed.

The taxpayer may have refused to pay because he thought he did not owe the tax, but at no time did he ever take any proper legal steps to question the right of the Commonwealth to collect it as will appear from the following

*Findings of fact*

1. Appellant is a nonprofit corporation created and existing under the laws of the Commonwealth of Pennsylvania, having its principal place of business in Upper Dublin Township, Montgomery County, Pa., and is a subject employer under the provisions of the Pennsylvania Unemployment Compensation Law.

2. Respondent is the Commonwealth of Pennsylvania Department of Labor and Industry, Bureau of Employment and Unemployment Compensation.

3. Appellant regularly filed its quarterly reports showing the amount of wages it admitted paying to its employes, and timely paid tax shown to be due thereby.

4. The said reports did not include remuneration paid by appellant to certain musicians and entertainers hired by it during the period from 1936 to the fourth quarter of 1942, inclusive.

5. The Bureau of Employment and Unemployment Compensation discovered said payments during an audit of appellant's books, determined them to be wages paid by the appellant to its employes, and demanded payment thereon, which was not made by appellant until after legal action had been taken by the Commonwealth.

6. On December 14, 1943, the said bureau sent notice to appellant that it had been assessed for said wages in the sum of $151.07, together with interest

thereon computed from December 31, 1943, covering payments made during the year 1936, the second, third and fourth quarters of 1937, the second, third and fourth quarters of 1938 and 1939, the years 1940 and 1941, and the second, third and fourth quarters of 1942.

7. On August 17, 1944, respondent entered a certified copy of its lien against appellant in the Court of Common Pleas of Montgomery County for the delinquent unemployment compensation contributions due and owing by appellant in consequence of the assessment proceedings.

8. On or about November 20, 1945, respondent had issued from the Court of Common Pleas of Montgomery County a writ of scire facias upon the lien so entered against appellant.

9. In December 1945 appellant filed an affidavit of defense alleging that it was not liable for the aforesaid tax.

10. On December 27, 1945, appellant paid respondent the full amount of tax represented by said lien, together with interest thereon, to the date of payment.

11. In April of 1945 respondent notified appellant that its rate of unemployment compensation tax for the year 1945 would be 2.7 percent and after letters of protest from appellant respondent on November 28, 1945, advised appellant that by reason of the delinquency in its account arising from the assessment referred to above appellant was ineligible under section 301 of the Pennsylvania Unemployment Compensation Law for a reduced compensation rate for the year 1945.

12. On December 27, 1945, appellant filed its appeal to this court from the determination of its contribution rate for 1945 as set forth in respondent's letter of November 28, 1945.

Section 304 of the Unemployment Compensation Act, as amended by the Act of April 23, 1942, Ex. Sess. P. L. 60, 43 PS §784, provides that the Department of Labor and Industry may make an assessment against a taxpayer, who then has 15 days within which to petition for a reassessment, and that if he is dissatisfied with the action of the department on his petition for reassessment he may appeal to this court within 30 days after being notified of the action of the department.

Paragraph (*d*) of section 304 as amended (supra) provides:

". . . such assessment or re-assessment of the department shall then become final, and the contributions and interest assessed or re-assessed by the department become forthwith due and payable, and no defense which might have been determined by the department or in the event of appeal from re-assessment by the court shall be available to any employer in any suit or proceding brought by the Commonwealth . . . for the recovery of such contribution based on such assessment or re-assessment."

Within 15 days from receiving the assessment mailed by respondent on December 14, 1943, appellant should have petitioned for a reassessment. This it did not do. Under the provisions of section 304 (supra) this assessment thereupon became final and the contributions and interest assessed by the department became forthwith due and payable: Commonwealth v. Lentz, 353 Pa. 98 (1945).

The increased rate imposed upon appellant was because there was an unpaid balance of tax on December 31, 1944. This was a full year subsequent to the assessment becoming final, and some months after a lien had been filed against appellant in Montgomery County.

On November 20, 1945, a writ of scire facias was issued by respondent against appellant. It was not until December 1945 that defendant made any effort whatsoever to contest the claim of the Commonwealth made by its assessment of December two years earlier. At that time appellant filed an answer to the writ of scire facias. This it had no legal standing to do, for on November 23, 1945, it was definitely decided in Commonwealth v. Lentz, supra, that a defense to the merits of an assessment for unemployment contributions made under section 304, supra, may not be interposed to a scire facias duly entered on the assessment after the time provided by statute for questioning it had expired. A few days later, admitting this to be the law, appellant paid its contribution in full.

On December 31, 1944, appellant had refused payment on its contributions due on wages paid prior to the end of the third quarter of that calendar year, but it had not disputed the payment. The tax had then already been due for a whole year. It wasn't until almost two years after it was due and payable that appellant made any effort at all to dispute the claim, and then it did so by a method clearly not in accordance with law.

There being no legal dispute over the payment of this tax we think paragraph (e) of section 301, supra, requires the imposition of a tax of 2.7 percent upon appellant for the year 1945.

### Conclusions of law

1. No appeal having been taken from the assessment made by the Commonwealth and forwarded to the country club on December 14, 1943, it became final 15 days after receipt by appellant, and the tax so assessed therefore was due and payable prior to December 31, 1944.

2. There was no legal dispute involving the payment of the tax on December 31, 1944.

3. Appellant's rate of contribution for the calendar year 1945 was properly determined by the Department of Labor and Industry to be 2.7 percent.

### Order of court

And now, to wit, September 3, 1946, the appeal is dismissed and the imposition of unemployment compensation tax upon appellant by the Commonwealth at 2.7 percent for the year 1945 is affirmed.