## Stetler Auto Co. v. Bureau of Employment Security

*John Y. Scott*, for appellant.

*Morley W. Baker*, Special Deputy Attorney General, for respondent.

KREIDER, J., August 20, 1956.—This is a statutory appeal taken by Stetler Auto Company under the provisions of section 301(e)(2) of the Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, as amended, 43 PS §781, from a certain "redetermination" of appellant's rate of contribution for a part of the year 1954 and the year 1955 made by

respondent (hereinafter called the bureau) on July 28, 1955.

## The Facts

All the material facts in this case have been stipulated. On April 5, 1954, appellant, who had not theretofore given employment in Pennsylvania, purchased the business of Bob Hess, Inc., of Lancaster, and on that date it was agreed by the parties that the so called "experience record" of Bob Hess, Inc., would be transferred to appellant. Thereafter, on May 10, 1954, appellant filed with the bureau its "Employer's Initial Statement" but did *not* accompany such statement with an application for the transfer of Bob Hess, Inc.'s experience record, explaining in such statement: "Successor not making application for the predecessor's experience record at this time, since successor is unable to obtain required signatures."

Under the provisions of the Unemployment Compensation Law an application for such transfer must be signed by both parties.

Subsequently, on June 22, 1954, the bureau notified appellant that its contribution rate for 1954, beginning April 5, 1954, would be 2.7 percent. *Appellant filed no appeal from this notice.* On April 7, 1955, however, the requisite signatures having been obtained by that date, appellant filed with the bureau an application for the transfer of Bob Hess, Inc.'s experience record as of April 5, 1954, the date of the transfer of the business, and asked for a readjustment of its rate of contribution for the second, third and fourth quarters of 1954 and the first quarter of 1955 to 0.5 percent to which it would admittedly have been entitled had it been given the benefit of the experience record as of April 4, 1954.

On June 22, 1955, the bureau, subject to review by its employer accounts review board, advised appellant that its rate for the first quarter of 1955 would be

adjusted to 0.5 percent as requested but that the rate of 2.7 percent for the three preceding quarters of 1954 would not be similarly readjusted. The board subsequently affirmed these advices. Meanwhile on July 20, 1955, or within 30 days, appellant, treating the bureau's action of June 22, 1955, as a "redetermination" of the matter, appealed to this court. During the three quarters in question, second, third and fourth of 1954, appellant had paid a total of $2,320.25 at 2.7 percent. If these contributions were adjusted at the rate of 0.5 percent, as appellant, Stetler Auto Company, herein contends should be done, appellant's liability for the three quarters in question would have been $429.68. The amount in dispute in this case therefore is $1,890.57, which appellant requests either be refunded to it or set up as a credit to it on the books of the bureau.

### The Law of the Case

·This case is governed by the interpretation and application of subsections (d) and (e) of section 301 of the Unemployment Compensation Law, supra, as they were amended by the Act of August 24, 1953, P. L. 1397, at 1399 and 1401, respectively, 43 PS §781, and section 311 of the Unemployment Compensation Law, as amended by the Act of September 29, 1951, P. L. 1580, sec. 12, as further amended by the Act of August 24, 1953, P. L. 1397, 43 PS §791. Many of the provisions of these lengthy subsections are not applicable to this case and hence need not be repeated here. The following provisions, inter alia, are involved:

"(d) Successor-in-interest. Where an employer, subsequent to the thirtieth day of June, one thousand nine hundred and forty-nine, transfers his or its organization, trade or business, in whole·or in part, to a successor-in-interest who continues essentially the same business activity of the whole or part transferred, *such successor-in-interest may, prior to the end*

*of the calendar year subsequent to the calendar year in which the transfer occurred, make application for transfer of* the whole, or appropriate part, of the experience record of the preceding employer to the successor-in-interest, including credit for the years during which contributions were paid by the preceding employer. *The department shall transfer* the whole or appropriate part of *such experience record* of the preceding employer *only if such preceding employer has joined in such application* and has filed with the department such supporting schedules or other information with respect to such experience record as the department may require. If the application for such transfer is filed in accordance with the rules and regulations of the department, the department may allow such transfer only if all contributions, interest and penalties owing by the predecessor have been or are paid at the time such application is filed with the department. . . .

". . . *A successor-in-interest* who, prior to the transfer, was not an employer during the calendar year in which the transfer occurred and *who has made application for a transfer which has been approved by the department,* as provided herein, and who, together with his predecessor, has paid contributions for the period required under subsection (a) of section three hundred one with respect to the organization, trade or business, or part thereof, which has been transferred, *shall be assigned the same rate of contribution as the preceding employer for the remainder of such year,* after which his rate of contribution shall be determined on the basis of the balance in the reserve account which has been combined with any other reserve account which such successor-in-interest may have acquired.

"(e) (1) . . .

"2. The department shall promptly notify each employer of his rate of contribution for the calendar year, determined as provided in this section. *The determination of the department of the employer's rate of contribution* shall become *conclusive and binding* upon the employer, *unless within ninety days* after the mailing of notice thereof to the employer's last known post office address *the employer files an application for review*, setting forth his reasons therefor: Provided, That if the department finds that because of an error of the department it has notified an employer that his rate of contribution is more than the rate to which he is entitled, the department shall, within one year from the date of such notice, adjust the rate of contribution. The department may, if it deems the reasons set forth by the employer insufficient to change the rate of contribution, deny the application, otherwise it shall grant the employer a fair hearing. The employer shall be promptly notified of the denial of his application or of the department's redetermination, both of which shall become final and conclusive within thirty days after the mailing of notice thereof to the employer's last known post office address, unless the employer shall appeal by petition from the action of the department to the Court of Common Pleas of Dauphin County within such time." (Italics supplied.)

### Discussion

In this case, Bob Hess, Inc., transferred its business to appellant on April 5, 1954. A year later, viz., on or about April 7, 1955, appellant filed with the bureau its application for the transfer to it of the experience record and employer's reserve of Bob Hess, Inc., as of the date of appellant's purchase of the business, to wit, April 5, 1954. The bureau on June 22, 1955, advised appellant that its contribution rate for the first quarter of 1955 would be revised on the basis of the

combined experience record of itself and Bob Hess, Inc., resulting in a rate for this quarter of 0.5 percent, but that appellant was ineligible for a similar revision of its contribution rate for the aforesaid three quarters in 1954.

The question for decision is: Can a transfer of an employer's experience record affect a contribution rate *for a previous year* where no appeal has been taken from the bureau's determination of appellant's rate of contribution within the 90-day period fixed by the statute? In other words, as applied to this case, the question to be decided is the date upon which, April 5, 1954, or January 1, 1955, appellant will receive the benefit of the transfer of its predecessor's experience record.

In the instant case it is admitted that appellant did not apply to the bureau in the year 1954 for its predecessor's employer experience record rating for that year. In fact, when appellant purchased its predecessor's business, it advised the bureau that it was *"not making application for the predecessor's experience record at this time, since successor is unable to obtain required signature"*. When subsequently the bureau, on June 22, 1954, notified appellant that its contribution rate for the year 1954, beginning April 5, would be 2.7 percent, *appellant filed no appeal from this notice and determination.* Section 301(e)(2) specifically provides that an employer's contribution rate for a particular calendar year *shall be final unless within 90 days* from notice thereof *an appeal* for review and redetermination *is filed* with the bureau. Since appellant admittedly filed no appeal with respect to appellant's 1954 rate until May 19, 1955, we are of the opinion that the rate fixed and determined by the bureau as applicable to appellant for the year 1954 became final by reason of the specific provisions of the

statute. Appellant's predicament, therefore, has been brought about not by any of the bureau's rules and regulations, but by appellant's own failure to comply with the specific provisions of the statute.

Applicant contends that since the predecessor, Bob Hess, Inc., was admittedly entitled to an employer contribution rate of 0.5 percent, appellant must be given the same rating because the transfer of the business occurred on April 5, 1954, and that appellant would be entitled to claim such favorable rating until the end of the next calendar year, to wit, December 31, 1955. This would probably be true if appellant had appealed during the statutory 90-day period from the bureau's determination on May 17, 1954, fixing appellant's rate of contribution at 2.7 percent. However, this was not done and consequently appellant is bound by its failure to appeal within the time allowed by the statute. See Commonwealth, to use v. Lentz, 353 Pa. 98 (1945).

Appellant also contends that on equitable principles it is entitled to the relief it seeks and that the bureau should be deemed to have "erroneously collected" the assessments even though the bureau admittedly was not at fault in this case. The case of Bowman v. Department of Labor and Industry, 60 Dauph. 310 (1949), is cited in support of this proposition. Unfortunately for appellant, the General Assembly of Pennsylvania saw fit to enact legislation *subsequent* to the Bowman decision which renders the doctrine of that case inapplicable to the instant case. This result was achieved by the passage of the Act of 1951, P. L. 1580, sec. 12, as amended by the Act of 1953, P. L. 1397, sec. 3, 43 PS §791, which provides:

". . . An amount paid as contribution, interest or penalties shall *not* be deemed to have been *erroneously collected* within the meaning of this section if such

amount was collected under and pursuant to a notice of contribution rate or a notice of assessment which, *because of the applicant's failure to file a timely appeal therefrom,* shall have become binding and final against the applicant under the provisions of this act." (Italics supplied.)

For the foregoing reasons we are unable to sustain this appeal.

### Order

And now, August 20, 1956, the appeal of Stetler Auto Company is dismissed.