Opinion by
Flood, J.,
This is an appeal from a judgment entered on the pleadings for the defendant in a suit by John K. Moore as third party beneficiary under four contracts between the City-of Philadelphia and the defendant, providing that all -workmen should be paid prevailing wages. Under the pleadings the following facts appear:
During the period from January 1, 1958, to and including April 30, 1961, the defendant, Joseph Madden, contracted with'the City of Philadelphia to perform *3 certain electrical work. The contracts provide for the payment of a specified sum per hour to the employes of Joseph Madden who perform the services of an electrician. Madden employed Moore to perform certain work required under these contracts. Moore claims that he performed the services of an electrician, but received $4,200.92 less wages than he should have received under the terms and provisions of the contracts and the attached wage schedules. The defendant claims that Moore worked only as an electrician’s helper and was not entitled to electrician’s wages under the contracts.
The contracts were all made subject to the provisions of §17-107 of the Philadelphia Code. This provides, inter alia, that prevailing wages shall be paid on all city contracts (subsection (2) (b)), and that any complaints of alleged violations of the section against any contractor or subcontractor for violations of this section or the provisions of the city-work contract required thereby shall be referred to the appropriate commissioner who shall investigate them, make a finding in writing with respect to each complaint and send a copy to the complainant, the contractor and the department (§17-107(5) (b)). It further provides that an appeal may be filed with the Board of Labor Standards within ten days after the findings of the commissioner are sent to the parties (§17-107(6) (b) (.1)) and that “findings of fact and conclusions of the board shall be conclusive and binding upon the parties and shall not be subject to review by any court except on jurisdictional, procedural or legal grounds.” (§17-107-(6) (b) (.11)).
On October 23, 1961, plaintiff’s counsel wrote a letter to Mr. Phillip Carroll, City Hall Annex, Philadelphia, Pennsylvania, setting forth certain information and complaining that his client had been paid less than he should have been paid for the work performed .un *4 der the Madden contracts. On December 19th, he received a reply from Fred T. Corleto, Commissioner of Public Property of the City of Philadelphia, stating that after investigation, he made findings to the effect that the plaintiff Avas an apprentice electrician and had been paid the hourly rate called for in the contracts and that there Avas no eAÚdence of a violation by the defendant of §17-107 of the Code. Moore did not take an appeal to the Board of Labor Standards.
The court beloAv held that the above quoted subsections of §17-107 of the Philadelphia Code “by reference Avere all incorporated into the contracts, and therefore Avere binding upon both the defendant and the plaintiff as is any arbitration clause limiting procedural remedies that are agreed on betAveen the parties to a contract.”
1. The plaintiff first argues that he is not bound by the arbitration provisions of the code because this is not a dispute over “prevailing Avages” or “prevailing Avorking conditions” or a dispute Avhich threatens a work stoppage but concerns only the type of Avork Avhich the plaintiff performed.
The code provisions .for arbitration are not so restricted as Moore suggests. The arbitration provisions of §17-107 apply to “complaints against any contractor or sub-contractor for alleged violations of this section or the provisions of the city-work contract required hereby.”
It is true that the arbitration provision in the single contract which appears as Exhibit A to the complaint in the printed record is limited to disputes over prevailing wages or working conditions or a dispute which threatens a work stoppage. But there is no such limitation in the other three contracts which form part of Exhibit A to the complaint, although they were not printed with the record submitted to us. And all four contracts are specifically made subject to the provisions *5 of §17-107 of the code. The court properly held that the arbitration provision of §17-107 of the code was applicable to the controversy and controlled its determination.
Moreover, the dispute in this case did involve the question as to whether Moore was paid “prevailing wages”. Whether the defendant received the prevailing wages depended upon whether he did the work of an apprentice electrician or that of a journeyman electrician. The commissioner found, after a hearing, that he was an apprentice and he had received the prevailing wages for that classification. This was a determination that he had been paid the prevailing wages for his trade, as the contracts required.
2. The appellant next argues that the arbitration provisions in a construction contract between a municipality and a contractor are not applicable to disputes between a contractor and employe, especially when the dispute arises after the work is completed, citing 8 P.L.E. Contracts, §305, and Warren-Ehret v. Byrd, 220 Pa. 246 (1908). However, these authorities refer only to the situation where the contract provides for no more than arbitration of disputes between the owner and the contractor or the contractor and the subcontractor. The arbitration clause here applies to any complaints against any contractor or subcontractor for alleged violations of §17-107. There is no limitation in this clause to disputes between contractor and subcontractor or between municipality and contractor. It covers complaints by any person who has rights under the contract.
3. Mr. Moore next objects that he did not submit the matter to arbitration. Whether or not he agreed to the arbitration is immaterial. Section 17-107 restricted him to the procedure there provided.
An ordinance, passed in accordance with the provisions of the Philadelphia Home Rule Charter has, at *6 least under the circumstances of this case, the force of a statute. Philadelphia v. Sam Bobman Department Store Co., 189 Pa. Superior Ct. 72, 149 A. 2d 518 (1959). The Act of March 21, 1806, 46 PS §156 provides: “In all cases where a remedy is provided, or duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of the said acts shall be strictly pursued, and no penalty shall be inflicted, or anything done agreeable to the provisions of the common law, in such cases, further than shall be necessary for carrying such act or acts into effect.”
This means that the statutory remedy must be strictly pursued. Commonwealth v. Lentz, 353 Pa. 98, 44 A. 2d 291, 293 (1945). One who fails to exhaust his statutory remedies may not thereafter raise an issue which could have been afforded by those remedies. Philadelphia v. Sam Bobman Department Store Co., supra.
Here, Moore did not pursue the remedy provided by the ordinance by appealing to the Board of Labor Standards. Therefore, he cannot successfully invoke a different remedy by direct suit against his employer. Oteri Appeal, 372 Pa. 557, 561, 94 A. 2d 772, 773, 774 (1953).
No appeal from the board to the court is provided under §17-107. However, we need not pass upon whether he might have another judicial remedy by way of direct suit or otherwise, if his appeal to the board was unsuccessful. He did not appeal to the board. He did not strictly pursue or exhaust his statutory remedy and therefore has no standing to prosecute the present suit. Philadelphia v. Sam Bobman Department Store Co., supra.
4. The appellant finally contends that there is no remedy to the underpaid employe under §17-107 of the code unless the city is holding funds due or owing the *7 contractor. There is no specific limitation such as this in §17-107. Since he has not pursued Ms statutory remedy by appeal to tbe Board of Labor Standards, we do not reach tbe question as to what remedy be might have if bis claim bad been upheld by tbe board and bis employer bad failed to pay him in accordance with tbe board’s finding.
Under tbe common law there is no remedy to an employe who agrees to work for wages.below tbe prevailing rate. Any right which tbe plaintiff bas to be paid additional wages must arise out of a union contract or other specific agreement. He is bound by all tbe terms and limitations of tbe contracts between tbe city and Madden, since his right to be paid prevailing wages arises only out of these contracts.
Order affirmed.