## Commonwealth, Appellant, *v.* Hitzelberger.

Argued September 29, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Vincent X. Yakowicz,* Deputy Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellant.

*Edward F. Muller, Jr.,* for appellees.

OPINION BY MR. JUSTICE JONES, November 9, 1965:

This is an appeal by the Commonwealth of Pennsylvania from an order of the Court of Common Pleas of Delaware County making absolute a taxpayers' rule to show cause why a Commonwealth lien for an unpaid realty transfer tax should not be stricken from the court records in Delaware County.

Anna M. Fox, a Delaware County resident, died, testate, on March 13, 1961. Margaret Hitzelberger was appointed executrix of her estate. Under decedent's will, certain Delaware County realty became a part of her residuary estate which she directed be divided equally among four named persons, one of whom was Charles Fox. The will further provided that, should any of the four named persons predecease decedent, the share of the person so dying should pass to the survivors. One of said persons predeceased decedent and, therefore, under the will, said person's share, e.g., one-fourth, passed to the three survivors. Upon decedent's death and, by agreement among the three survivors, the executrix conveyed the subject Delaware

County realty to Charles Fox and, upon this conveyance, no realty transfer tax was paid the Commonwealth.

Acting under the authority of the Realty Transfer Tax Act,[1] and regulations promulgated thereunder, the Commonwealth made a determination of the tax due on this conveyance of realty. Since Charles Fox was entitled, under decedent's will and in line with the circumstances existing at the time of decedent's death, to one-third of this realty, the Commonwealth did not tax such one-third interest but only levied a tax on the two-thirds interest which, devised by the will to the two other named persons, had been conveyed by the executrix' deed to Charles Fox.

The Commonwealth's determination of the tax was duly served upon the parties to the conveyance (the taxpayers) and they were advised, by written instructions, of their rights and remedies and the time within which a petition for redetermination of the tax had to be filed under the Realty Transfer Tax Act and the Commonwealth's regulations thereunder. The taxpayers ignored the Commonwealth's determination of the tax and did not file a petition for a redetermination of the tax. On November 12, 1963, the Commonwealth notified the taxpayers of its intention to file a tax lien in Delaware County against the realty but such notice was also ignored.

On January 30, 1964, the Commonwealth filed its lien for the unpaid realty transfer tax in Delaware County and, by certified mail, advised the taxpayers of such action but the taxpayers made no response thereto nor did they take any action until October 1, 1964, at which time they filed in the Court of Common Pleas of Delaware County a petition for a rule to strike off

---

[1] Act of December 27, 1951, P. L. 1742, as reenacted and amended, 72 P.S. §§3288, 3291.1.

the Commonwealth's lien. The Commonwealth then filed preliminary objections to this petition averring; (a) that, since the petition was directed against the Commonwealth, the appropriate venue of the action was in Dauphin, not Delaware County; (b) that the Realty Transfer Act, under which the tax was levied, provides an *exclusive* remedy which had to be exhausted before any recourse can be had to a court proceeding. After argument, the Court of Common Pleas of Delaware County made absolute the taxpayers' rule. The rationale of the court below was that, since the issue raised was not as to the amount of the tax but as to the validity of the imposition of the tax on this realty located in Delaware County, the statutory remedy under the Realty Transfer Act was not exclusive.

At the outset, it is evident that any inquiry[2] as to the propriety of the procedure adopted in Delaware County in attacking the Commonwealth's lien is beyond the scope of our present review. This is an appeal under the Act of 1925 (March 5, 1925, P. L. 23, 12 P.S. §672) and we are limited solely to a determination of the *jurisdiction* of the Delaware County court to entertain this attack upon the lien of the Commonwealth: *Jones Memorial Baptist Church v. Brackeen*, 416 Pa. 599, 207 A. 2d 861; *Blue Cross Appeal*, 416 Pa. 574, 209 A. 2d 799. That the instant appeal raises an appealable question of jurisdiction is clear: *Commonwealth ex rel. Fox v. Swing*, 409 Pa. 241, 186 A. 2d 24; *Terrizzi Beverage Co. v. Local Union No. 830*, 408 Pa. 380, 184 A. 2d 243.

The very narrow issue upon this appeal is whether the taxpayers, by ignoring and failing to pursue the statutory procedure provided for attacking the validity of the imposition of this realty transfer tax, have for-

---

[2] That is, whether the attack should have been by a petition to open or a petition to strike off the lien.

feited the right to collaterally attack the imposition of this tax.

Under the statute, the Department of Revenue is charged with the enforcement of payment of the realty transfer tax and is empowered to promulgate regulations to that end. Effective September 3, 1957, the Department promulgated such regulations. These regulations provided, inter alia: (1) that a departmental examination be made of all realty transfer documents to ascertain whether the full amount of the tax had been paid; (2) in the event such tax had not been fully paid, then that a determination be made of the correct amount of the tax payable; (3) that notice be given, by mail, to all parties, subject to the tax, of the departmental action; (4) that, within 90 days after the notice to the taxpayer has been mailed, the taxpayer may petition the Department to redetermine the tax; (5) after departmental action upon such petition, that notice by mail of such action must be given the taxpayer; (6) within 90 days of the mailing of such notice, the taxpayer is given the right to petition for a review of the departmental action by the Board of Finance and Review.[3] The procedure outlined in these regulations has received legislative approval[4] and provision has been made for an appeal from the action taken by the Board of Finance and Review to the Court of Common Pleas of Dauphin County. In the case at bar, the taxpayers chose to completely *ignore* the statutory procedure.

An issue similiar to that in the case at bar was determined in *Commonwealth v. Lentz,* 353 Pa. 98, 44 A. 2d 291. In *Lentz,* this Court construed the provisions of the Unemployment Compensation Law[5] inso-

---

[3] Cf. The Fiscal Code, Act of April 9, 1929, P. L. 343, §§1101 to 1104, 72 P.S. §§1101 to 1104.

[4] Act of June 7, 1961, P. L. 272, §1, 72 P.S. §3291.1.

[5] Act of December 5, 1936, P. L. (1937) 2897, as amended, 43 P.S. §784.

far as such statute provided a method of ascertaining the assessment of contributions against employers. The Act provided a method for ascertaining the amount of contributions, if any, payable by employers, for appropriate notice to the employers of the assessment of such contributions, for a right to dissatisfied employers to petition for a reassessment of such contributions and for a right of eventual appeal to the Court of Common Pleas of Dauphin County. In *Lentz,* the Commonwealth made an assessment against Lentz for contributions and gave notice of such assessment but, as in the case at bar, the notice was ignored. The Commonwealth, after the passage of time provided in the statute whereby the assessment became final, then filed a lien for such tax in the county of Lentz' residence and business and, with a view to eventual execution against Lentz' property, issued a writ of scire facias to reduce the claim represented by the lien to judgment. At that point, for the first time, Lentz attempted to question the validity of the tax by filing an affidavit of defense to the scire facias. The Commonwealth then entered a rule for judgment for want of a sufficient affidavit of defense which the court below discharged. On appeal, this Court reversed the action of the court below and remanded the record for the entry of judgment in favor of the Commonwealth.

This Court said, inter alia: "Due process of law is not denied when prescribed administrative procedure is faithfully pursued upon due notice and with an opportunity to the party to be charged to be heard before the matter becomes final and a right to court review. These conditions were fully met in the instant case. The defendant was given due notice of each step undertaken by the department, looking to the making of an assessment against him, and was given timely notice of the resultant action taken by the department. On the other hand, the defendant deliberately

refrained from contesting the assessment in the department, made no attempt to petition for a reassessment and, necessarily, therefore, did not seek to appeal the matter to the Court of Common Pleas of Dauphin County as he otherwise would have had a right to do. Thus, the assessment became final and the contributions, embraced thereby, became due and payable." (p. 103). Moreover, the Court in commenting on the provisions of the Act of March 21, 1806, P. L. 558, 4 Sm. L. 326, §13, 46 P.S. §156, stated: "In practice, that has meant that one who fails to exhaust his statutory remedies may not thereafter raise an issue which could have and should have been raised in the proceeding afforded by the statutory remedy. [citing authorities]." (p. 104). *Lentz* controls the instant situation.[6]

See also: *Stratford v. Franklin Paper Mills Co.*, 257 Pa. 163, 101 Atl. 349; *Pittsburgh Coal Co. v. Forward Township School District*, 366 Pa. 489, 78 A. 2d 253; *Philadelphia v. Madden*, 202 Pa. Superior Ct. 1, 193 A. 2d 775.

In the case at bar, the taxpayers failed to pursue the statutory remedy provided for ascertaining the propriety of the imposition of the realty transfer tax on this conveyance of interests in the Delaware County realty. By so doing, they lost any right to question the imposition of the tax and, in entertaining the collateral attack on the imposition of the tax, the court below exceeded its jurisdiction.

Order reversed and the record remanded to the court below with direction to sustain the Commonwealth's preliminary objection as to the lack of jurisdiction and to enter judgment for the Commonwealth.

---

[6] Oddly enough, neither the taxpayers nor the court below make any attempt to distinguish *Lentz*.