## Commonwealth v. Wazeter

*Albert D. Stuart, William C. Sennett* and *William A. Degillio,* for Commonwealth.

*George L. Fenner, Jr.,* for defendants.

BROMINSKI, J., March 17, 1967.—This matter comes before the court upon defendant's rule to show cause why judgment entered herein should not be stricken.

Defendant alleges that he was treasurer of a cor-

poration known as Wazeter Brothers, Inc.; that prior to the cessation of business by the corporation in September of 1963, said corporation became indebted to the Commonwealth of Pennsylvania, Division of Sales and Use Tax, for sales tax collected in the sum of $517, and that in October, 1966, the Commonwealth entered a lien against defendant, individually, in the office of the Prothonotary of Luzerne County. Defendant seeks relief in having the lien stricken from the record, contending that the Commonwealth was not authorized in law to enter the lien against defendant individually, i.e., as a corporate officer of the Wazeter corporation.

The Commonwealth filed an answer to defendant's petition and, in addition to denying the allegation that it had no right to impose the lien, raised the question of jurisdiction of this court to grant defendant relief.

The Commonwealth contends that any taxpayer may petition the department for reassessment within 30 days of the date of assessment: Selective Sales and Use Tax Act of March 6, 1956, P. L. 1228, sec. 542, as amended, 77 PS §3403-542; and that thereafter, if dissatisfied, the taxpayer may then petition the Board of Finance and Revenue for review: section 543 of the act, 72 PS §3403-543; and, if still aggrieved, may appeal to the Court of Common Pleas of Dauphin County from the decision of the Board of Finance and Revenue, section 544, 72 PS §3403-544. Thus, the Commonwealth contends if the taxpayer is aggrieved, his remedy is as aforesaid.

Defendant contends that since he maintains the imposition of the tax was without authority in law, i.e., void, the above recited right of review is not applicable and/or exclusive, and this court has jurisdiction to determine the matter.

This question has been specifically answered in Commonwealth v. Hitzelberger, 419 Pa. 354, where

the Supreme Court reversed the Court of Common Pleas of Delaware County, which had taken jurisdiction. The opinion recites at page 357:

"The rationale of the court below was that, since the issue raised was not as to the amount of the tax but as to the *validity of the imposition of the tax* on this realty located in Delaware County, the statutory remedy under the Realty Transfer Act was not exclusive". (Italics supplied.)

The Realty Transfer Tax Act of December 27, 1951, P. L. 1742, as reenacted and amended, provides substantially the same right of review by the Board of Finance and Revenue and court of common pleas as does the act presently under consideration. The court went on to say, on pages 357-58:

"The very narrow issue upon this appeal is whether the taxpayers, by ignoring and failing to pursue the statutory procedure provided for attacking the validity of the imposition of this realty transfer tax, have forfeited the right to collaterally attack the imposition of this tax".

It then concluded at page 359:

"This Court said, inter alia: 'Due process of law is not denied when prescribed administrative procedure is faithfully pursued upon due notice and with an opportunity to the party to be charged to be heard before the matter becomes final and a right to court review. These conditions were fully met in the instant case. The defendant was given due notice of each step undertaken by the department, looking to the making of an assessment against him, and was given timely notice of the resultant action taken by the department. On the other hand, the defendant deliberately refrained from contesting the assessment in the department, made no attempt to petition for a reassessment and, necessarily, therefore, did not seek to appeal the matter to the Court of Common Pleas of Dauphin

232

County as he otherwise would have had a right to do. Thus, the assessment became final and the contributions, embraced thereby, became due and payable.' [See Commonwealth v. Lentz, 353 Pa. 98.] (p. 103). Moreover, the Court in commenting on the provisions of the Act of March 21, 1806, P. L. 558, 4 Sm. L. 326, Sec. 13, 46 P. S. Sec. 156, stated: 'In practice, that has meant that one who fails to exhaust his statutory remedies may not thereafter raise an issue which could have and should have been raised in the proceeding afforded by the statutory remedy. (citing authorities)' ".

Parenthetically, it should be noted here that defendant admitted at argument that notice of assessment, as required by the act, was received by him.

For the foregoing reasons, it must be determined that this court is without jurisdiction to grant the relief sought by defendant and, accordingly, we enter the following:

ORDER

Now, March 17, 1967, it is hereby ordered and decreed that defendant's rule to show cause is hereby denied and dismissed.