## Commonwealth v. Safeguard Mutual Insurance Co.

*M. H. Waldron, Jr.*, for petitioner.
*Axel A. Shield*, for Commonwealth.

HIRSH, *J.*, April 7, 1975—On March 7, 1974, plaintiff commenced this action by filing a certificate of lien for State taxes in the sum of $74,283.45. Said lien of the Commonwealth was entered upon settlement of taxes and penalties due in compliance with the provisions of the Act of April 9, 1929, P.L. 343, art. XIV, sec. 1401, as amended. Thereafter, on April 10, 1974, this court granted a rule on plaintiff to show cause why the judgment or lien of like nature should not be stricken. On April 5, 1974, defendant filed its petition to strike judgment or lien of like nature. Defendant asserts, inter alia, that said judgment or lien was entered in violation of defendant's constitutional rights under the Constitution of the Commonwealth of Pennsylvania, in violation of the laws of the Commonwealth of Pennsylvania, and in violation of defendant's constitutional rights under the Constitution of the United States of America, and in particular, the Fifth and Fourteenth Amendments thereto. In addition, on the same day said judgment was entered,

defendant was under suspension by the Pennsylvania Insurance Commissioner and, therefore, the commencement of this action was barred. Plaintiff, also on April 5, 1974, filed its answer contra defendant's petition. Plaintiff avers that it acted pursuant to and, in accordance with, the law of Pennsylvania, and that the Fiscal Code of 1929, 72 P.S. §801, provides for both administrative and judicial review and does not violate defendant's constitutional rights under either the United States or the Pennsylvania Constitutions. Further, defendant must exhaust statutory remedies before contesting the merits of a tax. Defendant has had, and still has, available an opportunity to be heard in connection with this matter and is seeking a remedy in an improper forum and should properly raise all factual issues and seek all remedies under the procedures of The Fiscal Code of 1929, 72 P.S. §801. After having heard oral argument, the matter is presently before this court on defendant's petition and plaintiff's answer thereto.

It is a well-formulated principle in this Commonwealth that it is improper for a taxpayer to attempt to confer jurisdiction on a court by filing a motion to strike the tax lien without first petitioning the appropriate agency. The taxpayer in a tax claim proceeding must pursue its statutory remedies under the Fiscal Code of April 9, 1929, P.L. 343, §§1102-1104, as amended, 72 P.S. §§1102-1104, as amended, for contesting the tax. It has been consistently held that this must be done by a taxpayer: Commonwealth v. Atlantic & Gulf Coast Stevedores, Inc., 422 Pa. 422 (1966); Commonwealth v. Hitzelberger, 419 Pa. 354 (1965); Commonwealth v. Lentz, 353 Pa. 98 (1945). The question of defendant's liability for the tax was previ-

ously determined by the Department of Revenue and the taxpayer having failed to avail itself of any of its remedies, the determination of its tax liability became final and that issue cannot now be redetermined: Commonwealth v. Hitzelberger, supra.

The Fiscal Code, sections 1102-1104, in part state the following:

"§1102. Petition for settlement

"Within ninety (90) days after the date upon which the copy of any settlement was mailed to the party with whom or with which the settlement was made, such party or the Commonwealth of Pennsylvania may file, with the department which made it, a petition for resettlement.

"Every petition for resettlement shall fully state the reasons which the petitioner believes entitle him or it to such resettlement.

". . . .

"In the case of petitions for resettlement filed with the Department of Revenue, the disposition of the petition shall be subject to the approval of the Department of the Auditor General, as in the case of original settlements, and, if the two departments shall be unable to agree, the case shall be submitted to the Board of Finance and Revenue by the Department of Revenue. The Board of Finance and Revenue shall decide every such case within three (3) months from the date of the submission thereof, and, in case of its failure to reach a decision within such period, the disposition of the Department of Revenue shall automatically become valid, and the Board of Finance and Revenue shall immediately return to the Department of Revenue all of the papers appertaining to the case.

"In the case of petitions for resettlement filed with the Department of the Auditor General, the

petition shall be disposed by the joint action of that department and of the Treasury Department, as in the case of original settlements.

".  .  .  .

"§1103.  Petition to Board of Finance and Revenue for review.

"Within ninety days after the date of mailing of notice by the Department of Revenue, or of the Auditor General, or of the Department of State of the action taken on any petition for a resettlement filed with it, or of any resettlement made under the provisions of section one thousand one hundred five of this act, the party with whom the settlement was made or the Commonwealth of Pennsylvania may, by petition, request the Board of Finance and Revenue to review such action.

"Every petition for review, filed hereunder, either shall state specifically therein the reasons upon which the petitioner relies, or shall incorporate, by reference, the petition for resettlement in which such reasons shall have been stated. The petition shall be supported by affidavit that it is not made for the purpose of delay, and that the facts therein set forth are true. If the petitioner be a corporation, joint-stock association or limited partnership, the affidavit must be made by one of the principal officers thereof. A petition for review may be amended by the petitioner at any time prior to the hearing thereon, as hereinafter provided.

".  .  .  .

"The Board of Finance and Revenue shall act finally in disposition of such petitions within six months after they have been received, and, in the event of the failure of the Board of Finance and Review to dispose of any such petition within six months, the action taken upon the petition for resettlement shall be deemed sustained.

" . . . .

"§1104. Appeal to courts

"Any person, association, corporation, public officer, or other debtor, or the Commonwealth of Pennsylvania, aggrieved by the decision of the Board of Finance and Revenue, or except as otherwise provided in this act by the board's failure to act upon his or its petition for review within six months, may within sixty (60) days, appeal to the court of common pleas of Dauphin County from the decision of the Board of Finance and Revenue, or from the decision of the Department of Revenue, or of the Department of the Auditor General, as the case may be. The said sixty (60) day period shall begin to run: (a) From the end of the six months period where the board fails to act, or (b) from the date of mailing of notice of the refusal of the petition for review, or (c) from the date of mailing by the Department of Revenue of the certification of a resettlement where the board has made a resettlement. Such appeal shall be in such form as shall be prescribed by the rules of the court of common pleas of Dauphin County. All such appeals shall be lodged with the prothonotary of the court of common pleas of Dauphin County, and a conformed copy thereof indicating the date on which it was filed shall be forwarded immediately to the Department of Justice.

"Every such appeal shall be accompanied with a specification of objections to the settlement, resettlement or other decision, as the case may be, and the party appealing, other than the Commonwealth, shall enter sufficient security, before one of the judges of the court of common pleas of Dauphin County within sixty (60) days next after the filing of the appeal, with the clerk, to prosecute the appeal with effect, to pay all costs and charges which the

court shall award, and any sum of money which shall appear by the judgment of the court to be due by such party to the Commonwealth."

Defendant unmeritoriously asserts that the act approved April 9, 1929, P.L. 343, as amended, is unconstitutional on its face, under the provisions of the United States Constitution, in that it fails to provide for the due process of law required by the Fourteenth Amendment thereto. However, it is well settled that due process of law is not denied when prescribed administrative procedure is faithfully pursued upon due notice and with an opportunity to be heard before the matter becomes final. These conditions were fully met in the instant case. Defendant was given due notice of each step undertaken by the department, and was given timely notice of the resultant action taken by the department. Defendant has refrained from contesting the assessment in the department, made no attempt to petition for a reassessment and, necessarily, therefore, did not seek to appeal the matter to the Court of Common Pleas of Dauphin County as it otherwise would have had a right to do: Commonwealth v. Hitzelberger, supra; Commonwealth v. Lentz, supra; Daniels v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, 10 Pa. Commonwealth Ct. 241 (1973); In re Sellersville Borough, 62 D. & C. 2d 284 (1973).

Moreover, defendant's allegations that the suspension order acts as a bar to the commencement of this action is totally unfounded. In this jurisdiction, a lien for State taxes becomes effective at the time of settlement. This occurred well before the order of the Insurance Commissioner. The lien for State taxes was valid and effective upon settlement; therefore, the recording with the prothonotary's of-

fice was superfluous. In addition, the recording of said lien does not constitute an action that would be barred by the said suspension order. In re Regal Petroleum Products Co., 287 F. Supp. 458 (D.C.E. D. Pa. 1968), affirmed 413 F. 2d 299 (C.A. 3, 1969).

It is evident that the Commonwealth has fully complied with The Fiscal Code, 72 P.S. §§801, 1401 and 1702, as amended. However, it is equally evident that defendant is basing its allegations on a thin reed for want of a stronger foundation. Defendant's memorandum of law reflects its desperate attempt to grope for some legal basis on which to rest its case. Since none exists, it is obvious that defendant's petition must be denied.

Accordingly, it is, therefore, ordered and decreed that the rule to show cause is discharged and defendant's petition is denied.