## Commonwealth v. Latrobe Lumber and Supply Co.

Before O'Connell, P. J., Weiss and Sculco, JJ.

*P. J. Demas*, Special Deputy Attorney General, *Richard H. Wagner*, *Shirley R. Don*, and *Albert D. Stuart*, Assistant Attorney Generals, and *David Stahl*, Attorney General, for Commonwealth.

*Mahady & Mahady*, for defendant.

WEISS, J., July 9, 1962.—The Commonwealth of Pennsylvania entered a lien in the Court of Common Pleas of Westmoreland County at no. 704 July term, 1958, against the Latrobe Lumber & Supply Company, defendant in the above-captioned action. The Commonwealth then issued a scire facias proceeding upon its lien against defendant at no. 330 April term, 1959. Defendant is a vendor of lumber, builders' supplies, hardware and paint, and maintains its principal place of business in the Borough of Latrobe, Westmoreland County, Pennsylvania. Admittedly, they sell tangible personal property subject to the tax imposed by section 201 of the Selective Sales and Use Tax Act of March 6, 1956, P. L. 1228, as amended. Defendant registered with the Department of Revenue and was assigned Sales Tax License number 6500857. Under the terms of the act, defendant is charged with the responsibility of collecting and remitting the tax so collected to the Department of Revenue.

On November 8, 1957, defendant's books and records were audited by the Bureau of Sales and Use Tax. Subsequent to that date, defendant was mailed a notice of assessment for understatement of tax in the amount of $2,765.55. Included within the notice of assessment was an explanation of the charges and a notice that the assessment would become final within 30 days unless there was filed with the Sales Tax Board a notice of intent to petition for reassessment. Defendant did not file a petition for reassessment within the statutory

period and it became final on December 8, 1957. On October 28, 1958, the Commonwealth filed with the prothonotary of Westmoreland County a copy of its lien. Thereafter, on May 20, 1959, the Commonwealth caused to be issued a writ of scire facias on the said lien. Defendant filed its affidavit of defense and answer to the scire facias. In paragraph 6 of the affidavit of defense, defendant averred that the sales of the personal property on which the sales and use tax lien was filed took place prior to the effective date of the act, namely, prior to March 7, 1956. Paragraph 8 of defendant's affidavit of defense reads:

"8. The Defendant avers further that inasmuch as a statute is to be strictly construed and since the assessment and collection feature of said Act of 1956 P. L. 1228, Article IV thereof, did not become effective until July 1, 1956, therefore, all items claimed as taxes due prior to July 1, 1956, as set forth in said alleged lien, are invalid and uncollectible and this is especially so because the assessment and collection portion of said Act of 1956 does not state specifically that it shall be retroactive in force and effect."

The affidavit of defense to the scire facias and the answer thereto are presently before the court en banc for disposition.

The Selective Sales and Use Tax sets up machinery and procedure for licensees who are dissatisfied with their assessment. A licensee may file a notice and petition for reassessment with the Sales and Use Tax Board. The licensee is then given the opportunity to file a more formal petition for reassessment with the Sales and Use Tax Board. A hearing is then held before the Sales Tax Board. Should the Sales Tax Board make a finding adverse to the licensee, he then has the opportunity to appeal to the Board of Finance and Revenue. In the event that the Board of Finance and Revenue again should find on behalf of the Commonwealth, the

licensee has the opportunity to appeal to the Court of Common Pleas of Dauphin County. The review procedure has been contested in several cases within the Commonwealth: Commonwealth v. Rohm and Haas Company, 21 D. & C. 2d 738 (1960), and Commonwealth v. Charles A. McHugh, 75 Dauph. 68 (1960). Defendant in this particular instance did not avail himself of any of the procedures within the Selective Sales and Use Tax to appeal the assessment made against him.

Defendant, without so stating, has directly attacked the jurisdiction of the Sales and Use Tax Board to make an assessment against him. The licensee has alleged that no assessment was valid and that the Selective Sale and Use Tax did not apply because at the time of the sales, the Selective Sales and Use Tax was not in effect. However, the issue raised by defendant is factual and defendant is foreclosed from raising in this forum any question which could have been decided and must have been properly decided by the Selective Sales and Use Tax Board. In Commonwealth v. Lentz, 353 Pa. 98 (1945), a question was raised as to whether a defense to an assessment for unemployment compensation contributions under the Unemployment Compensation Act of 1936 could be interposed to a scire facias issued upon a lien duly entered. The Court of Common Pleas of Westmoreland County held that it could be and the matter was then taken before the Supreme Court of Pennsylvania at which time the Supreme Court of Pennsylvania reversed the Court of Common Pleas of Westmoreland County. Mr. Justice Jones, speaking for the court, stated at page 103 of the opinion:

"Due process of law is not denied when prescribed administrative procedure is faithfully pursued upon due notice and with an opportunity to the party to be charged to be heard before the matter becomes final

and a right to court review. These conditions were fully met in the instant case. The defendant was given due notice of each step undertaken by the department, looking to the making of an assessment against him, and was given timely notice of the resultant action taken by the department. On the other hand, the defendant deliberately refrained from contesting the assessment in the department, made no attempt to petition for a reassessment and necessarily, therefore, did not seek to appeal the matter to the Court of Common Pleas of Dauphin County as he otherwise would have had a right to do. Thus, the assessment became final and the contributions, embraced thereby, became due and payable.''

Although the present case concerns itself with the Selective Sales and Use Tax, we think that the reasoning behind the decision in Commonwealth v. Lentz, supra, equally applies. The tendency for many of our new legislative enactments is to allow administrative and quasi-judicial determinations prior to their receipt by a court of record. The trend is toward administrative decisions and administrative appeals. If a court of record were to allow defenses to be offered to the liens of these judgments and to allow petitions to open these judgments, the entire procedure would be thwarted. This court is without power to inquire into a defense such as that alleged by the defendant.

The present case is similar to that of Commonwealth of Pennsylvania, Department of Revenue v. Morris M. Young, t/a Morris M. Young Co., at no. 380 July term, 1961, in the Court of Common Pleas of Westmoreland County, Pennsylvania. As was stated therein, the Selective Sales and Use Tax is of recent origin and there is sufficient merit in some arguments to warrant rehearings. Therefore, the order of court will not become final for 60 days. This will give the petitioner the opportunity to appeal nunc pro tunc to the Court of

Common Pleas of Dauphin County, or to the Board of Finance and Revenue.

*Order*

And now, July 9, 1962, after due and careful consideration, it is ordered, adjudged and decreed that the affidavit of defense in answer to the scire facias should be and the same is hereby disallowed, this order to become final within 60 days from the date of filing.