## Borg-Warner Corporation, Appellant, *v*. Board of Finance and Revenue.
## Textron, Inc., Appellant, *v*. Board of Finance and Revenue.

Argued May 24, 1966. Before Bell, C. J., Mus-MANNO, Jones, Eagen, O'Brien and Roberts, JJ.

*Harry J. Rubin,* with him *Krekstein and Rubin,* for appellant.

*Vincent X. Yakowicz,* Deputy Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 14, 1967:

The legal issues in these two cases being identical, and the only points of difference being factual, the companion cases captioned *Borg-Warner Corporation v. Board of Finance and Revenue, Commonwealth of Pennsylvania,* and *Textron, Inc. v. Board of Finance and Revenue, Commonwealth of Pennsylvania,* were consolidated for argument before this Court.

In both cases, the appellants, Borg-Warner Corp. and Textron, Inc., purchased tracts of realty, and at the time the deeds were recorded, affixed realty transfer stamps. Thereafter, the Dept. of Revenue, ascertaining that the proper tax had not been paid, made assessments for additional realty transfer tax against the appellants. The appellants then filed petitions for redetermination with the Dept. of Revenue, and later, petitions for review with the Board of Finance and Revenue. Appellants' petitions were refused, and, following this refusal, appellants filed their respective appeals with the Court of Common Pleas of Dauphin County.

Prior to argument of their respective appeals, appellants and the Commonwealth of Pennsylvania entered into stipulations for judgment terminating the appeals.[1] Appellants therein agreed to abandon their contentions that the determination made by the Commonwealth was illegal and improper and agreed to a recomputed amount of tax due the Commonwealth

---

[1] "STIPULATION FOR JUDGMENT

---

"Whereas, the above named defendant has taken an appeal from the realty transfer tax determination made against it by the Commonwealth of Pennsylvania in connection with a transfer of real estate occurring on June 30, 1956; and Whereas, the defendant contended in its appeal that the determination made by the Commonwealth was improper and illegal for the reasons therein set forth; and Whereas, the defendant has agreed to abandon its contention as set forth in its appeal upon the waiver of interest; and Whereas, the Department of Revenue has recommended that the case be stipulated to judgment in accordance with the following computation:

"Value of real estate as determined by
  the Board of Finance and Revenue    $4,000,000.00
"Tax due—rate of one percent    $40,000.00
"Less: tax paid    28,050.20

"Balance due Commonwealth    11,949.80
"Whereas, the foregoing recommendation is approved herewith by the Attorney General, and the account is adjusted accordingly;
"Now, this 2nd day of February, 1961, it is agreed by and between George W. Keitel, Deputy Attorney General, for the Commonwealth of Pennsylvania, and Manuel Kraus, Esquire, Counsel for the defendant, that judgment shall be entered in favor of the Commonwealth of Pennsylvania in the amount of $11,949.80, and the Prothonotary is hereby directed to enter said judgment of record, costs to be paid by the defendant.
                    "George W. Keitel
                        "Deputy Attorney General
                    "Manuel Kraus
                        "Counsel for Defendant"
The Stipulation for Judgment in the companion case was identical except for dates and amounts.

(the amount due was set forth in the agreement) and the prothonotary was directed to enter the judgments of record. The respective judgments were subsequently paid and satisfied of record.

In 1963, appellant (Borg-Warner Corp.) filed a petition for refund with the Board of Finance and Revenue. Appellant concluded its petition by contending that if a favorable decision to appellant was forthcoming in a case (*Commonwealth v. Sheraton-Midcontinent Corporation*) then pending before the Court of Common Pleas of Dauphin County, a refund should be granted to the appellant. This same procedure was followed by Textron, Inc.

Subsequent to appellants' respective petitions to the Board of Finance and Revenue, the Court of Common Pleas of Dauphin County handed down its decision in *Commonwealth v. Sheraton-Midcontinent Corp.*, 34 Pa. D. & C. 2d 73, 82 Dauph. 336 (1964), holding that an assessment of realty transfer tax could not be made by the Commonwealth under The Realty Transfer Tax Act of December 27, 1951, P. L. 1742, as amended, with regard to any transaction occurring prior to September 3, 1957. This was exactly the issue in appellants' cases prior to the entry of the Stipulation for Judgment.

Appellants, in January of 1965, requested the Board of Finance and Revenue to act on their respective petitions for refund, and, by an order dated April 23, 1965, the board refused their petitions. Appellants then filed with this court petitions for the allowance of an appeal, pursuant to our Rule 68½, and we granted the petitions.

Appellants' positions in these appeals are based on §503 of The Fiscal Code, Act of April 9, 1929, P. L. 343, 72 P.S. §503,[2] averring that the Board of Finance

---

[2] "The Board of Finance and Revenue shall have the power, and its duty shall be, (a) To hear and determine any petition for

and Revenue had jurisdiction to hear appellants' petition for refund; that the termination of the litigation and entry of a stipulation for judgment is of no consequence; and that the doctrines of res judicata and estoppel are inapplicable and cannot be invoked to defeat the appellants' right to a refund. Appellants further contend that under our decision in *Hotel Casey Co. v. Ross,* 343 Pa. 573, 23 A. 2d 737 (1942), the board's duty to grant the refunds is mandatory in the circumstances of appellants' cases.

As appellants contend, in *Hotel Casey Co. v. Ross,* supra, we said: "While the Board of Finance and Revenue is authorized to determine whether a tax or money has been paid to the Commonwealth to which it was not 'rightfully or equitably entitled', or, more specifically, as here, may find whether a tax or money has been paid under an interpretation of law subsequently held to be erroneous by a court of final jurisdiction,[3]

---

the refund of taxes, license fees, penalties, fines, bonuses, or other moneys paid to the Commonwealth and to which the Commonwealth is not rightfully or equitably entitled . . . (4) When any tax or other money has been paid to the Commonwealth, under a provision of an act of Assembly subsequently held by final judgment of a court of competent jurisdiction to be unconstitutional, or under an interpretation of such provision subsequently held by such court to be erroneous. In such case, the petition to the board may be filed either prior or subsequent to such final judgment but must be filed within five years of the payment of which a refund is requested, or within five years of the settlement of such taxes, bonus or other moneys due the Commonwealth, whichever period last expires. The board shall have jurisdiction to hear and determine any petition for refund filed prior to such final judgment only if, at the time of the filing thereof, proceedings are pending in a court of competent jurisdiction wherein the claims of unconstitutionality or erroneous interpretation made in the petition for refund may be established, and in such case the board shall not act upon the petition for refund until the final judgment determining the question or questions involved in such petition has been handed down."

[3] Statute now reads "Court of competent jurisdiction".

if such facts are found in favor of the taxpayer the duty to order a refund or credit is mandatory." "The act refers to taxes which have been paid but to which the Commonwealth is not *rightfully* or *equitably* entitled. It thereby recognized a moral obligation on the part of the Commonwealth to return moneys which, under the decisions such as the Shenango Furnace Company case, supra, were not legal obligations. Clause (a) (4) of Sec. 503 conclusively shows that the legislature had in mind something more than taxes paid involuntarily, for it established a longer period of limitation for the filing of a petition for refund when any tax or other money had been paid to the Commonwealth under the provisions of an act subsequently held by the court of final jurisdiction to be unconstitutional or paid under an interpretation of a provision subsequently held by such court to be erroneous." (Emphasis in original)

Assuming, then, that the contentions of appellants as to their being entitled to refunds are correct, would the stipulation for judgment entered into by both sides and subsequently satisfied become a binding contract on both parties disposing in fact of all issues and questions and constituting res judicata? One needs no citations for the proposition that once an agreement or stipulation is entered into, a later decision more favorable to one side than the other does not allow the side so favored to withdraw from the prior agreement or stipulation, totally disregarding all that had transpired, and begin to relitigate a settled case. We must determine whether §503 of The Fiscal Code makes the principle of res judicata inapplicable here.

In determining this question, we conclude that the tax paid to the Commonwealth in these cases was not paid "under a provision of an act of Assembly subsequently held . . . to be unconstitutional, or under an interpretation of such provision subsequently held . . . to be erroneous". Rather, the taxes were paid as the

result of stipulations entered into between the taxpayers and the Commonwealth, in settlement and compromise of litigation then in progress between the taxpayers and the Commonwealth. There is much more than a tacit admission by the taxpayers that the determination made by the Commonwealth was proper and legal, inasmuch as the stipulations state on their face that the taxpayers agreed to abandon such contentions. We will not permit the taxpayers in these circumstances to withdraw from the agreement previously entered of record in the earlier litigation.

Concluding, as we do, that appellants are bound by the judgments previously entered by stipulation, we need not, nor do we, consider or decide the argument of the Commonwealth that §503 of The Fiscal Code is inapplicable for the reason that the Commonwealth was legally and equitably entitled to the tax, only its collection procedure being defective.

Orders affirmed.

Mr. Justice COHEN took no part in the consideration or decision of these appeals.