## Commonwealth v. Kaltreider

*Robert O. Beers,* for appellants.

*Vincent X. Yakowicz,* Deputy Attorney General, for Commonwealth.

SWOPE, P. J., August 2, 1968.—In each of the above numbered cases, appellants, Walter and Irene Kaltreider, have filed a petition for leave to amend their appeal and specification of objections. In each case, pursuant to the rule which issued thereon, the Commonwealth has filed its answer with new matter, to which there was no reply. The issue presented to the court at this juncture is whether the amendments may be permitted.

The appeals themselves concern the amount of realty transfer tax imposed upon four real estate transactions which occurred between the years 1955 and 1957. In each transaction, realty transfer tax stamps were affixed to the deeds, computed on the basis of the value of the lots only. On April 9, 1958, the Realty Transfer Tax Division of the Department of Revenue issued determinations of tax requiring that additional stamps be affixed to the deeds reflecting not only the

value of the lots but also of the buildings erected thereon. Thereupon, appellants filed petitions for redetermination which were denied by the Department of Revenue on September 3, 1958. Appellants then filed petitions for review with the Board of Finance and Revenue which, by its order dated April 29, 1959, were refused. To this order the instant appeals were filed with this court on June 29, 1959. Thereafter, on March 14, 1967, the Pennsylvania Supreme Court rendered its decision in Borg-Warner Corp v. Board of Finance and Revenue, 424 Pa. 343.

Petitioners now seek to incorporate a portion of what they view as the substance of that decision in their present appeals by way of amendment in order to permit them to contend that pursuant to the provisions of the Realty Transfer Tax Act of December 27, 1951, P. L. 1742, as amended, the Department of Revenue was without authority to make the tax determinations here in question until it had first adopted appropriate regulations under the act, and that such regulations, not having been promulgated in fact until September 3, 1957, could not properly have been applied retroactively, as in fact was done in three of the four transactions here involved: Commonwealth v. Sheraton-Midcontinent Corporation, 34 D. & C. 2d 73, 82 Dauph. 336.[1]

The Commonwealth in turn contends that the question now sought to be raised by these taxpayers could

---

[1] The determination in the fourth transaction in question (contemplated in the appeal docketed to Commonwealth Docket, 1959, No. 293), was made on September 9, 1957, six days after the day on which the regulations in question were promulgated, and, therefore, even though the taxpayers seek to amend their appeal and specification as to this determination along with the others, their position would not be aided with regard to this particular appeal even were they to be permitted the amendment since in this case the Commonwealth clearly attempted no retroactive application of its regulations in making the contested determination of tax.

have been advanced by them prior to the appeals had they exercised reasonable diligence and, therefore, they should not be allowed to add it at this time. This contention is based upon section 1104 of The Fiscal Code, the Act of April 29, 1929, P. L. 343, sec. 1104, as amended, 72 PS §1104, which provides in part as follows:

"Appeals taken hereunder shall be hearings de novo, and no questions shall be raised by the appellant that were not brought to the attention of the department making the settlement, or in the application for resettlement, or petition for review prior to the appeal, and set forth in the specifications of objections contained in the affidavit accompanying the appeal, unless the court shall be satisfied that the appellant was unable, by the exercise of reasonable diligence, to have raised such questions before the department making the settlement and the Board of Finance and Revenue, and no questions shall be raised which are not included in the specification of objections filed as hereinbefore provided".

This section expressly provides that no questions may be raised on appeal that were not raised during prior administrative proceedings. The one exception permits the addition of those questions only which, by the exercise of reasonable diligence, could not have been raised before. We are called upon to determine, then, whether the Borg-Warner decision marked the first time the question could have been raised as to whether the regulations promulgated under the statute here involved were properly applied retroactively by the taxing authorities in the absence of language in the act which makes such provision or which requires such construction. We fully agree that this was the subject of treatment in the Sheraton-Midcontinent case. We will even concede for the moment, although we have considerable doubt in this regard, that this

was also the concern of the court in its reference to Sheraton-Midcontinent in the Borg-Warner case. We totally disagree, however, that this question could not, by the exercise of reasonable diligence, have been raised at the outset by the taxpayers and before either of these decisions in any event.

Neither Sheraton-Midcontinent nor Borg-Warner shed new light on the well established restrictions which attach to any attempted retroactive application of regulations promulgated under statutes. The court in both cases was merely applying old law to new facts. In fact, in Sheraton-Midcontinent the court reviewed the application of the rule in previous cases. It was there demonstrated by the court that there was prior case law on the subject. We must conclude, therefore, that those cases were also available to these taxpayers before the appeal stage was reached.

We note further that in addition to case law, there is also statutory authority pertinent to this question which was available to the taxpayers prior to the taking of their appeals. The Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 56, 46 PS §556, expressly provides that "No law shall be construed to be retroactive unless clearly and manifestly so intended by the Legislature". In support of this section there are cases far too numerous to mention.

We are satisfied, therefore, that had petitioners exercised reasonable diligence, they could have availed themselves of this question prior to their appeals and during the appropriate administrative proceedings which preceded them. Having failed to do so, they are barred as a matter of law from raising the question at this late date.

Accordingly, we make the following

ORDER

And now, this August 2, 1968, the petitions of Walter and Irene Kaltreider for leave to amend their ap-

peals and specifications of objections in the above captioned cases are hereby denied in each case.

The prothonotary is directed to give notice of this opinion and order to the parties or their counsel forthwith.