414 A.2d 1018

**Leroy S. LAPP, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Supreme Court of Pennsylvania.

Argued April 24, 1980.

Decided May 30, 1980.

James P. Coho, Lancaster, for appellant.

Robert Patrick Coyne, Deputy Atty. Gen., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

The facts have been stipulated in this case and are essentially as follows: appellant, Leroy S. Lapp, is the sole proprietor of a painting and sandblasting business located in Parksburg (Chester County), Pennsylvania. Pursuant to the Tax Reform Code of 1971 (TRC), 72 P.S. § 7319(3) (Supp. 1979–80), appellant is required to pay over on a semi-monthly basis to the Commonwealth of Pennsylvania (appellee) the personal income taxes withheld from the paychecks of employees. For a period of one and a half years (June 31, 1972–December, 1973), appellant withheld taxes from his employees, but he did not pay over these withholdings to appellee. After an audit, but before any formal assessment was issued, appellant paid over to appellee the withholdings from his employees for the period of time during which he was in arrears.

On or about February 5, 1974, the Pennsylvania Personal Income Tax Bureau (Bureau) issued a formal assessment with respect to arrearages for the year 1973, and pursuant to the Tax Reform Code of 1971, 72 P.S. § 7352(e) (Supp. 1979–80), imposed a penalty equal to the amount of the tax due ($10,289.35). Appellant did not file a timely petition for reassessment as he might have, pursuant to TRC, 72 P.S. § 7340 (Supp.1979–80); and he did not pay the assessment. Accordingly, the Bureau caused a lien to be filed against appellant. Appellant was informed by letter of June 11, 1975, that "[h]aving failed to follow your reassessment procedural remedy within the prescribed time, your only re-

course is to pay the amount specified to satisfy your liens and then appeal to the Board of Finance and Revenue for a reduction of penalty and a refund." After the Bureau referred its claim against appellant to the Collections Bureau of the Department of Justice, and after negotiating with that Department, the Department and appellant entered into a compromise (evidenced by a Settlement Memorandum) of appellee's claim against appellant ($5,551.27 of appellee's claim against appellant was written off). In due course, the lien against appellant was satisfied.

Appellant then filed a petition for refund with the Board of Finance and Revenue [1]; this petition was dismissed by the Board and this dismissal was affirmed by order of the Commonwealth Court dated June 16, 1978. *See Lapp v. Commonwealth*, 36 Pa.Cmwlth. 142, 387 A.2d 1312 (1979).

The issue then is whether a taxpayer, who has failed to timely pursue his statutory remedy of filing a petition for reassessment, but who chose instead to compromise a Commonwealth tax assessment, may subsequently petition for a refund of the compromised amount when that procedure was available to appellant before he elected the voluntary compromise.

We have reviewed appellant's contentions and find that the Commonwealth Court correctly concluded that appellant's is estopped from pursuing a petition for refund of a portion of the compromised amount. The Commonwealth Court also correctly concluded that the instant case falls within the scope of this Court's holding in *Borg-Warner Corp. v. Board of Finance and Revenue*, 424 Pa. 343, 227 A.2d 153 (1967). The order of the Commonwealth Court is, therefore, affirmed.

1. Appellant based his petition on the argument that the Bureau improperly computed his original penalty at 100% (for wilful conduct) instead of at 5% (for negligent conduct). This argument and the procedure for presenting it (petition for refund) were available to appellant before he voluntarily chose to compromise his tax liability.