Commonwealth of Pennsylvania, Department of Revenue, Bureau of Sales and Use Tax, Petitioner *v.* Milton Street and John Street, t/a Street's Food Service, Respondents.

Argued February 2, 1984, before Judges MacPhail, Palladino and Blatt, sitting as a panel of three.

540

*A. Jay Molluso,* Deputy Attorney General, Chief, Collections Section, with him, *LeRoy S. Zimmerman,* Attorney General, for petitioner.

*Holly Maguigan, Kairys, Rudovsky & Maguigan,* for respondents.

OPINION BY JUDGE MACPHAIL, April 13, 1984:

The Department of Revenue, Bureau of Sales and Use Tax (Department) entered a tax lien in Philadelphia County on August 31, 1976, against Milton Street and John Street, t/a Streets Food Service[1] for sales

---

[1] Although the lien is entered against both John and Milton Street, the record shows a disclaimer by John Street of any interest in the business. By affidavit, Milton Street has affirmed that John

and use taxes allegedly due from January 1, 1970 to June 30, 1973.

In January of 1982, a certified copy of the tax lien was transmitted to the Prothonotary of Dauphin County and entered as a lien pursuant to the provisions of Section 242 of the Tax Reform Code of 1971 (Code), Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §7242. When the Department attempted to garnish the salary of Milton Street (Taxpayer)[2] pursuant to a writ of execution secured in Dauphin County, the Taxpayer filed a petition to open judgment in Philadelphia County and obtained a stay of the writ of execution in Dauphin County. Depositions were ordered following which the Court of Common Pleas of Philadelphia County entered an order purporting to open the judgment as to amount but not as to liability. The order further directed the Department to comply with Section 232 of the Code, 72 P.S. §7232. The Department appealed from that order to this Court.

Although the court of common pleas and the litigants have proceeded in this matter as though a judgment had been obtained by the Department, in fact, the Department is the holder of a tax lien which it is

Street was not a partner in the business notwithstanding the fact that he, Milton Street, set forth on an application for a license to collect the sales tax that the business was a partnership operated by Milton and John Street. The opinion of the trial court deals solely with the liability of Milton Street since he is the one who filed the pleading before that Court.

The tax lien does not have an apostrophe in "Streets" but the case is captioned otherwise in the trial court and in the notice of appeal to this Court.

[2] This Court is aware that Milton Street is a member of the Senate of Pennsylvania and no disrespect is intended by referring to him as Milton Street without a proper designation of his present position. The obvious reason for doing so is that the lien and pleadings we are concerned with identify the taxpayer as Milton Street.

attempting to enforce. The court of common pleas may have been aware of this problem because in its opinion in support of its order it is stated that the "case at bar does not fit exactly into the default judgment line of cases." Indeed, we are of the opinion that the proper pleading for the Taxpayer to have filed would have been a petition to strike off the tax lien.

The court of common pleas rests its order upon the failure of the Department to comply with Section 232 of the Code, 72 P.S. §7232 which requires the Department upon receipt of notice from a taxpayer of intention to file a petition for reassessment, to supply to the taxpayer within thirty days a statement setting forth in reasonable detail the basis for the tax assessment. The record discloses that the Taxpayer did notify the Department of his intention to file a petition for reassessment. The court of common pleas held that the Department had failed to present evidence that it filed the required statement and held this omission to be fatal to the Department's lien.

Before we consider whether the court of common pleas abused its discretion in opening the judgment, *Yellow Cab Co. of Philadelphia v. Carpol Realty Co., Inc.,* 221 Pa. Superior Ct. 132, 289 A.2d 241 (1972), we turn once again to the provision of the Code which, we believe, are binding as to whether the tax *lien* is enforceable.

Section 241 of the Code, 72 P.S. §7241 provides that the Department may collect any tax within sixty days from the date of reassessment, if no petition for review has been filed. The record shows that a notice of final assessment was sent to Streets Food Service at 13th and Berks Streets in Philadelphia on October 9, 1973. On November 14, 1973, the Taxpayer sent a

communication to the Department identifying the assessment by account and assessment numbers and giving notice of his intent to file an "appeal for reassessment." Receipt of that notice was acknowledged by the Department on November 29, 1973. That receipt, Exhibit 5-C, is the basis for the trial judge's decision. The Department's communication says that the basis for the assessment was enclosed. On the printed form the following words are typed. "Cover sheet, summary of audit findings, narrative report and schedule." No such information is attached to the exhibit, however, and the trial court concluded that the required statement was not enclosed. The Department does not argue that the information set forth in the form was enclosed but rather contends that the basis for the assessment was orally explained to the Taxpayer in 1973 in a conference with the Department's representative.

In any event, nothing further transpired until the Department on December 19, 1973, sent a communication to the Taxpayer advising him that they had not received his petition for reassessment and that if he did not file such a petition within ten days, the Department could not review his case. The next transmittal from the Department to the Taxpayer was a notice dated January 29, 1974, advising him that the Board of Review had "dismissed" his petition for reassessment because he had failed to file the petition for such reassessment. All of those notices from the Department were addressed to the Taxpayer at 13th and Berks Streets, the business address shown on Taxpayer's application for a tax license as its business address and the address used for the notice of assessment which the Taxpayer did receive. The Taxpayer filed no petition for review with the Board of Finance and Revenue.

We must respectfully disagree with the court of common pleas that the equitable principles ordinarily governing petitions to open judgment apply here. As we have noted, there is no *judgment* to open. We are dealing with a tax *lien* and unless there is some basis for staying the proceedings or striking the lien, it must be enforced. Section 241 of the Code clearly states that in collection proceedings the taxpayer may not set up any ground for defense which could have been determined by the Department, the Board of Finance and Revenue or the courts except failure of the Department to mail notice of the assessment or reassessment to the taxpayer or, of course, payment of the amount alleged to be due. The Taxpayer's petition to open the judgment raises none of the defenses allowable by the Code; rather, his basis for relief is that he had no notice of his opportunity to challenge the amount of the tax assessment.[3]

The record is clear that the Taxpayer did receive notice of the assessment because he gave notice of his intention to request reassessment. He never filed a petition for reassessment and his petition to open does not aver that notice of the reassessment was not, in fact, sent.

In *Commonwealth v. Lafferty,* 90 Dauph. 264 (C.P. Pa. 1969), the Court of Common Pleas of Dauphin County, sitting as the predecessor court to this Court, addressed the issue of whether the failure of the Department to timely send to a taxpayer the statement of the basis for a tax assessment required by Section 232[4] was fatal to the Department's attempt to collect the tax. The Court upheld the Department's right to collect the tax notwithstanding the technical deficiency

---

[3] Paragraph 7 of the petition to open.

[4] The applicable section at that time was Section 3403-542.

regarding the statement of the basis for the assessment. Writing for a unanimous Court, Judge Bowman, later the President Judge of this Court, said

> In the instant case, the taxing authorities made a use tax assessment against appellants after they failed to file a return for the period in question. This fundamental and essential step in the enforcement of a tax liability imposed by statute was admittedly timely under the circumstances; and it is the assessment—not the basis for assessment—which advised appellants of the Commonwealth's position as to liability, and which had the legal effect of declaring appellants to be liable for the tax so assessed. The basis for assessment which the statute requires be given to a taxpayer who has evidenced his intent to contest the assessment is but a bill of particulars to enable the taxpayer to be more fully informed and thereby better prepared to advance his previously evidenced intent to contest the assessment. The right afforded a taxpayer by this provision of Section 542 is that of receiving the basis of assessment and the benefit is essentially for this purpose. This right and the benefit to be derived therefrom were not materially impaired by its untimely deliverance; and the late delivery of the basis of assessment in no way impaired appellants' fundamental right to administrative and ultimate judicial review of the tax liability asserted by the taxing authorities.

*Id.* at 268-69.

While we are aware that the Dauphin County Court was dealing with a timeliness issue, we think

the principles enunciated by Judge BOWMAN are applicable to the facts now before us.

It is our opinion also that the present proceeding is nothing more than a collateral attack on the validity of the assessment and that the Taxpayer had notice of the procedures to follow in the event he was not satisfied with the assessment. Having failed to pursue his administrative remedies, he may not now challenge the validity of the tax lien for reasons he could have and should have asserted in a different forum. *See Lapp v. Commonwealth of Pennsylvania*, 36 Pa. Commonwealth Ct. 142, 387 A.2d 1312 (1978), *aff'd*, 489 Pa. 532, 414 A.2d 1018 (1980); *Commonwealth v. Latrobe Lumber and Supply Co.*, 28 Pa. D. & C.2d 576 (1962).

Finally, the Taxpayer admits as he must because he signed a postal receipt, that in May of 1978 he received a communication from the Department advising him that a lien had been entered and that enforcement proceedings would be undertaken against him. Still the Taxpayer took no action until a writ of execution was served upon him in 1982. Any remedy that would be available to the Taxpayer under principles of equity, and we believe there are none, would be barred by laches, in any event.

We hold that:

1. The Taxpayer's petition to open a judgment was not a proper proceeding to attack the validity of the tax lien at issue.

2. The failure of the Department to comply with the provisions of Section 232 of the Code does not render invalid the tax lien at issue.

3. The Taxpayer may not collaterally attack a tax lien for reasons that would have been available in an administrative appeal.

4. Laches would bar any equitable rights available to the Taxpayer.

We, accordingly, must vacate the order of the trial court.

ORDER

The order of the Court of Common Pleas of Philadelphia County dated October 4, 1982 is vacated. The case is remanded to the Court of Common Pleas for the entry of an order denying the petition of Milton Street to open judgment.

Jurisdiction relinquished.

