Jacob Bynum, Appellant *v.* Commonwealth of Pennsylvania, Department of Revenue, Appellee.

.Argued October 17, 1984, before Judges ROGERS, CRAIG and BARBIERI, sitting as a panel of three.

*Lillian M. Thornton,* for appellant.

*Prince Altee Thomas,* Deputy Attorney General, for appellee.

OPINION BY JUDGE CRAIG, November 23, 1984:

Jacob Bynum appeals from a decision of the Court of Common Pleas of Philadelphia County denying a petition to open judgment in a proceeding which the Pennsylvania Department of Revenue had instituted to satisfy an outstanding liquid fuels tax assessment. We must determine whether Bynum may interpose defenses addressed to the merits of the tax assessment after the department has filed a tax lien and executed on his property.

On September 28, 1976, after conducting an audit, the department notified Bynum, who operates a fuel oil supply business, of a liquid fuels tax assessment for the years 1968 through 1976. When Bynum did not respond to that notice, the department, pursuant to Section 13(b) of The Liquid Fuels Tax Act, Act of May 21, 1931, P.L. 149, *as amended,* 72 P.S. §2611m-(b),[1] transmitted the statement of taxes to the prothonotary of the Court of Common Pleas of Dauphin County who, on December 2, 1976, entered it as a tax lien in the amount of $208,075.95. On December 31, 1976, the department transferred that lien to the Philadelphia Common Pleas Court but took no further action in that court until March 26, 1982, when it filed a writ of revival of judgment. The common pleas court issued a writ of execution on October 21, 1982, and the sheriff then levied on four of Bynum's trucks.

Following execution on the vehicles, Bynum filed his petition to open judgment, which the common pleas court denied, concluding that Bynum had failed to satisfy the tripartite standard for opening judgments.[2]

---

[1] Section 13(b) provides, in relevant part:

Statements of all taxes herein imposed, due and unpaid, . . . may at any time, be transmitted to the prothonotaries of the respective counties of the Commonwealth, to be by them entered of record forthwith . . . and a writ of execution may directly issue upon such lien without the issuance and prosecution to judgment of a writ of scire facias. . . . Such liens shall continue for five years from the date of entry and may be revived and continued in the manner now or hereafter provided for the renewal of judgments or as may be provided in "The Fiscal Code", as amended.

[2] "[I]n order to open a default judgment, the moving party must show that (1) the ptition to open was filed promptly, (2) the failure to act on the original complaint can be reasonably explained, and (3) a meritorious defense to the underlying claim exists." *Department of Transportation v Nemeth,* 497 Pa. 580, 583, 442 A.2d 689, 691 (1982).

Both the parties and the trial court have proceeded as if the court had entered a judgment; however, review of the record does not reflect any reduction of the department's lien to judgment.[3] Because the record encumbrance is a statutory lien under Section 13(b) of The Liquid Fuels Tax Act, 72 P.S. §2611m(b), which does not require entry of judgment as its foundation, the proceeding before us may properly be termed a motion to strike the lien. *See Department of Revenue, Bureau of Sales and Use Tax v. Street,* 81 Pa. Commonwealth Ct. 539, 474 A.2d 718 (1984).

Nevertheless, the substance of Bynum's position is that he did not receive proper notice of the tax assessment and lien, that when he did become aware of the assessment in September of 1981 he contacted a deputy attorney general who assured Bynum he would review the matter, and on the merits, that he sold only home heating fuel and was therefore exempt from liquid fuels taxes.

We note initially that the equitable considerations which ordinarily govern petitions to open judgments are not applicable here and that unless some basis exists for striking the lien, the department is entitled to its enforcement. *Department of Revenue, Bureau of Sales and Use Tax v. Street,* 81 Pa. Commonwealth Ct. 539, 474 A.2d 718 (1984). Furthermore, a line of cases in our Supreme Court has firmly established the principle that a taxpayer "who fails to exhaust his statutory remedies may not thereafter raise an issue which could have and should have been raised in the

---

[3] The record does contain the department's praecipe for a writ of revival of judgment; however, the effect of that filing was revival of the lien. Section 13(b) of The Liquid Fuels Tax Act, 72 P.S. §2611m(b) ; Section 1404 of The Fiscal Code, Act of April 9, 1929, P.L. 343, *as amended,* 72 P.S. §1404.

proceeding afforded by his statutory remedy." *Commonwealth v. Lentz,* 353 Pa. 98, 104, 44 A.2d 291, 293 (1945). *See also Commonwealth v. Atlantic & Gulf Coast Stevedores, Inc.,* 422 Pa. 442, 221 A.2d 128 (1966); *Commonwealth v. Hitzelberger,* 419 Pa. 354, 214 A.2d 223 (1965).

The Liquid Fuels Tax Act provides, in section 7, 72 P.S. §2611g, that a taxpayer who is dissatisfied with a notice of determination of an assessment may, within ninety days of that determination's mailing, petition the department for redetermination of the tax. A disappointed taxpayer may further request the Board of Finance and Revenue to review the department's action, and if still dissatisfied, may appeal that determination to this court. 42 Pa. C. S. §763.

Bynum contends that he did not receive notice of the determination until September of 1981; however, the record contains a postal return receipt, which Bynum admits bears his signature, indicating that a copy of the department's determination of September 28, 1976 was received by Bynum on September 30, 1976.[4] Thus, under section 7, 72 P.S. §2611g, Bynum should have interposed his objection to the assessment within ninety days of September 28, 1976; having failed to do so, he may not now raise issues which the department could have addressed at that time. *Commonwealth v. Lentz,* 353 Pa. 98, 44 A.2d 291 (1945). Clearly, the nature of Bynum's business and whether he is properly subject to liquid fuels taxes are such issues.[5]

---

[4] Contrary to Bynum's contention, the return receipt does identify the accompanying documents by reference to the serial numbers of the department's notices of determination.

[5] Because the time for Bynum's response began in September, 1976, his argument concerning a conversation with department personnel in 1981 is not relevant to our analysis.

Accordingly, we affirm the trial court's refusal, although styled as a denial of a petition to open judgment, to address the merits of Bynum's position.

ORDER

Now, November 23, 1984, the order of the Court of Common Pleas of Philadelphia County, No. 4441, dated December 13, 1983, is affirmed.