**Pennsylvania Department of Revenue v. Dascoli**

*Mark O. Prenatt,* for the Commonwealth.
*Jonathan DeYoung,* for defendant.

LAWRENCE, *J.,* February 1, 1989—The matter is before this court to consider defendant's petition to open judgment. After consideration of plaintiff's objection to the petition to open judgment and memoranda of law submitted by each party, and following oral argument in open court, the undersigned denied defendant's petition to open judgment. A timely appeal was erroneously filed with Superior Court on December 8, 1988. Subsequently, the Superior Court granted defendant's petition to transfer to Commonwealth Court.[1] On December 12, 1988 the undersigned ordered defendant to file concise statement of matters complained of within 14 days of December 12, 1988. No such concise statement was filed. The undersigned respectfully requests that the appeal be dismissed for failure to comply with rule 1925(b).

If the appeal is not dismissed on those grounds, the court respectfully requests that it be dismissed in consideration of the following discussion.

## DISCUSSION

The subject of the petition to open judgment is the imposition on September 29, 1987, of a sales tax lien in the amount of $19,178.99 against defendant in the Court of Common Pleas of Montgomery County.

---

1. On January 24, 1989 the Commonwealth Court ordered the matter transferred to the Superior Court, "it appearing that this appeal is not an appeal from determination by the Department of Revenue, but rather an appeal from an order of the court of common pleas. . . ."

On October 29, 1987 defendant filed a petition to open judgment in the Court of Common Pleas of Montgomery County.

First, defendant's petition to open judgment is an improper pleading to attack the validity of the sales and use tax lien filed by the Commonwealth of Pennsylvania, Department of Revenue in Montgomery County. There is no judgment to be opened. There is a tax lien. The correct pleading should have been a "petition to strike off tax lien." *Commonwealth of Pennsylvania, Department of Revenue, Bureau of Sales and Use Tax v. Street,* 81 Pa. Commw. 539, 474 A.2d 718 (1984). Although the court in *Street* treated the petition to open judgment as though it were a petition to strike off tax lien, and applied section 241 of the Tax Reform Code, 72 P.S. §7241, the reasoning in that case mandates the same result here.

Appellant's petition to open judgment fails to state when notice was received, however the "memorandum of law in support of petitioner's motion to open judgment" states that "on or about November 9, 1987, the petitioner became aware of a lien in the amount of $8,518.18 had been filed against her by respondent, Commonwealth of Pennsylvania, Department of Revenue.[2] However, the petition to open judgment was filed with the prothonotary of Montgomery County on October 29, 1987.

The Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, as amended, 72 P.S. §§7232, 7234 and

---

2. The court notes that a companion case, *Commonwealth of Pennsylvania, Department of Revenue v. Janice T. Dascoli, Individually and as President of Dascoli's Inc. t/a Dascoli's Restaurant,* Montgomery County Court of Common Pleas no. 87-15817 also on appeal, contains the identical memorandum of law.

7235 prescribe the procedures to be followed where a taxpayer is dissatisfied with an assessment.

Section 7232 requires the:

"[T]axpayer against whom assessment is made to petition the department for a reassessment. Notice of intention to file such petition shall be given to the department within 30 days of the date the notice of assessment was mailed to the taxpayer, except that the department for due cause may accept such notice within 90 days of the date the notice of assessment was mailed."

Section 7232 further provides that the grounds upon which taxpayer claims assessment is erroneous or unlawful shall be set forth in the petition.

Thereafter, section 7234 provides that a taxpayer may, within 60 days after the date of mailing of notice by the department of the decision, request review by the Board of Finance and Revenue. If still dissatisfied, the taxpayer may appeal to the Commonwealth Court. 72 P.S. §7235.

Appellant failed to pursue the statutory remedies mandated by the Tax Reform Code in this case.

A taxpayer who fails to exhaust his statutory remedies may not thereafter raise an issue which could have and should have been raised in the proceeding afforded by his statutory remedy. *Bynum v. Commonwealth, Department of Revenue,* 86 Pa. Commw. 155, 484 A.2d 210 (1984) citing *Commonwealth v. Lentz,* 353 Pa. 98, 104, 44 A.2d 291, 293 (1945). See also *Commonwealth. v. Atlantic & Gulf Coast Stevedores Inc.,* 422 Pa. 442, 221 A.2d 128 (1966); *Commonwealth v. Hitzelberger,* 419 Pa. 354, 214 A.2d 223 (1965).

Finally, in *Meyers v. Commonwealth, Department of Revenue,* 55 Pa. Commw. 509, 423 A.2d 1101 (1980), the court stated, "Since exclusive appeal procedure provided by the Tax Code vests

jurisdiction in the Department of Revenue's Board of Appeals and Board of Finance and Revenue, with ultimate appeal to the Commonwealth Court, initial phases of tax assessment appeals are within the exclusive jurisdiction of those boards." The instant petition is simply an assessment appeal brought in the Court of Common Pleas of Montgomery County. Since the boards and the Commonwealth Court have exclusive jurisdiction to hear these matters, the Court of Common Pleas of Montgomery County lacks jurisdiction to rule on defendant's petition to open judgment.

For the foregoing reasons the court was without jurisdiction to hear appellant's petition to open judgment and properly denied it.

It is respectfully requested that the appeal be dismissed.