IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania :
           :
        v.           : No. 1476 C.D. 2022
           : Submitted: September 9, 2024
Adolph Wright,          :
           :
         Appellant   :

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                              FILED: December 23, 2024

Before this Court is the Department of Revenue's (Department) "Application to Dismiss Appeal for Lack of Jurisdiction" (Application) to Adolph Wright's (Appellant) appeal from an Order of the Court of Common Pleas of Luzerne County (trial court). Upon review, we grant the Department's Application and quash Appellant's appeal.

By way of background, the Department filed a Certified Copy of Lien in the trial court, at 6115 of 2021, naming Adolph R O Wright as Grantor and Adolph R O Wright Trust as Grantee, for property located on Cemetery Road, Luzerne County Deed Book No. 3015, Page No. 65565 (subject property). The lien amount was $6,345.20. Original Record (O.R.), Item No. 1. Judgment was entered in the same amount on June 16, 2021. *Id.* at No. 2.

Appellant subsequently began filing documents in the trial court under a different case caption and omitting any reference to the Department.[1] Using that

---

[1] Appellant changed the caption to:
**(Footnote continued on next page…)**

caption, Appellant filed a "Motion for Stay or Injunction." O.R., Item No. 9. In pertinent part, Appellant sought a copy of the tax sale for the subject property and to enjoin or stay confirmation nisi. *Id*. The trial court consequently issued an October 18, 2022, order (the Order). The Order states:

> AND NOW, this 18th day of October, 2022, following a hearing on the Motion for Stay or Injunction filed in the above captioned matter it is hereby ORDERED as follows:
>
> 1. By agreement of counsel for Luzerne County Tax Claim Bureau and Elite Revenue Solutions, a copy of the entire tax sale file will be provided to Adolph Wright by November 1, 2022. Said file shall be mailed to Adolph Wright at 300 South Main Street, #1804, Wilkes-Barre, Pennsylvania 18702.
>
> 2. Service of any notices in this matter on Adolph Wright shall be made to his address at 300 South Main Street #1804, Wilkes-Barre, Pennsylvania 18702.
>
> 3. Any notices to be sent to Standing Elk Trustee and/or the Tamazight Temple University shall be sent to 4511 South Lake Park Avenue #3S, Chicago, Illinois 60653.
>
> 4. The request for injunctive relief in this matter is **DENIED** without prejudice for

---

Tamazight Temple University Trustee
Adolph Wright Beneficiary of Trust
   v.
Luzerne County et al
Kendra M. Radle; Joan Hoggarth;
James L. Haddock; Harry Skene;
Luzerne County Tax Claim Bureau
Joseph V. Plummer, David Keller

2

[Adolph Wright] to file a Petition to Set Aside the Tax Sale should [Adolph Wright] deem it warranted.

5. The case filed in this matter against individuals, Kendra M. Radle, Joan Hoggarth, James L. Haddock, Harry Skene, Joseph V. Plummer and David [Keller] is **DISMISSED**.

6. The Motion to Dismiss pursuant to [Pa.R.Civ.P.] 233.1 Frivolous Litigation filed in this matter filed by David [Keller], Pro Se, is **DISMISSED** without prejudice as moot.

The Prothonotary of Luzerne County is directed to mail a copy of this Order to all counsel of record or each party if unrepresented pursuant to [Pa.R.Civ.P.] 236.

O.R. Item No. 16.

Relevant now, Appellant filed a notice of appeal from the October 18, 2022, order. Appellant stated: "As par for this entire matter, I did not receive notice of the confirmation nisi by mail even after having given my address on October 18, 2022 . . . ." *See* Notice of Appeal, 12/20/22. Appellant seeks to "open the tax claim absolute," believing that the Luzerne County Tax Claim Bureau has attempted to elicit a greater sum of his outstanding taxes than he otherwise would have owed with proper notice. *Id.*

On April 12, 2023, the trial court issued an opinion to address the reasoning for its Order. The trial court observed that Appellant's filings in this matter included multiple docket numbers, but stated: "It is unclear to the Court why [Appellant] is filing to both of these dockets and how he created a new caption."

3

Trial Court Op., 4/12/23, at 2.[2] Troublingly, the trial court noted that "H.", who is not authorized to practice law in this Commonwealth, signed the Notice of Appeal on Appellant's behalf as "a beneficiary and primary author/assistor as friend of the court/oath taker . . ." *Id.*; *see also* Notice of Appeal. The trial court observed that during a hearing held on October 18, 2022, it "ascertained" that Appellant was not seeking an injunction but rather a "Petition to Set Aside the Sale." Trial Court Op. at 3.

As we recognized in our July 29, 2024 memorandum and order at 455 C.D. 2023, this matter is rife with procedural errors because Appellant is attempting to convert this lien proceeding into a challenge of the tax sale of the subject property. Regardless of Appellant's filings, however, the Department initiated the matter at 11101 of 2021, on appeal at Docket 1233 C.D. 2022, as a lien against the subject property.[3] As such, we directed the Prothonotary to send copies of the trial court's and this Court's orders to the Department and ordered Appellant to serve the Department with his filings in both the trial court and this Court. *See* Commonwealth Court 8/25/23 Order (Per Curiam).

The Department responded by filing the Application on November 8, 2023, arguing that this Court lacks jurisdiction because: (1) Appellant cannot challenge the Department's lien without first exhausting his statutory remedies, *i.e.*, a petition to strike the Department's tax lien; and (2) Appellant's notice of appeal challenges an order that is wholly unrelated to the Department's lien and involves

---

[2] The trial court's opinion may be found in the Original Record at Item No. 85.

[3] In any case, Appellant has appealed from the trial court's March 3, 2023, order at 10282 of 2022, involving the Luzerne County Tax Claim Bureau's petition to sell the property at a tax sale (as preserved by paragraph 4 of the Order, quoted above). That appeal is found at 454 C.D. 2023 in this Court.

4

different parties. *See* Application at 1-3. On January 23, 2024, we directed that the Application be listed with the merits of the appeal. Commonwealth Court 1/23/24 Order (Per Curiam).

Although Appellant failed to answer the Application, following our January 23, 2024 Order, both parties fully briefed the matter. For his part, Appellant characterizes himself as "an American State Nation," who is not subject to the jurisdiction of Luzerne County, the Commonwealth, or the United States of America. Appellant's Brief *passim*. As such, Appellant believes "the taxing and selling" of the subject property is "fraudulent." *Id*. at 5. The Department's arguments largely track those which it advanced in its Application, but the Department adds that we are without jurisdiction because the trial court's Order was not a final, appealable order. Department's Brief at 10-11 (citing *Sentinel Ridge Development, LLC v. Department of Environmental Protection*, 2 A.3d 1263, 1266-68 (Pa. Cmwlth. 2010)).

To be sure, this appeal suffers from a litany of fatal defects.[4] However, based on this action's unusual procession to this Court's appellate jurisdiction, we are persuaded by the Department's argument that the trial court's Order was not final or appealable. "[A] final order is any order that: (1) disposes of all claims and of all parties; or (2) is expressly defined as a final order by statute; or (3) is specifically entered for purposes of granting interlocutory review of particular issues in this case." *Sentinel Ridge Development, LLC*, 2 A.3d at 1266-67 (citing Pa. R.A.P. 341). Here, the trial court issued the Order in response to Appellant's

---

[4] For example, as the trial court pointed out, this appeal was filed on Appellant's behalf by someone not authorized to practice law in Pennsylvania. *See Spirit of Avenger Ministries v. Commonwealth*, 767 A.2d 1130, 1131 (Pa. Cmwlth. 2001) (holding that the Court was without jurisdiction to consider an appeal from a non-attorney).

"Motion for Stay or Injunction" of a tax sale which is now proceeding under an entirely different docket number. As we have indicated, despite his attempts to convert this action into an objection to the notice of the tax sale, the underlying action pertains to a *lien proceeding*. Yet, the trial court's Order does not so much as mention the lien proceeding, such that the Order borders on that of a legal nullity.

Further, the record indicates that Appellant did not seek review of the assessment before the Board of Revenue and Finance, as he is empowered to do under multiple sections of the Tax Reform Code.[5] Nor is there any evidence that Appellant petitioned to strike the lien in the trial court.[6] As things stand, any claim regarding the lien proceeding remains untouched by the trial court. Therefore, we find that the trial court's Order failed to dispose of the underlying claim and that the trial court did not intend for it to be an interlocutory order.[7] Rather, the trial court "ascertained" that Appellant was seeking to file a "Petition to Set Aside the Sale," and ordered that the Motion for Stay or Injunction be dismissed without prejudice so that Appellant may file the same - even though the underlying docket was

---

[5] *See, e.g.*, Section 1111-C of the Tax Reform Code, Act of March 4, 1971, P.L. 6, *as amended*, added by the Act of May 5, 1981, P.L. 36, 72 P.S. §8111-C; *see also* Sections 2702-2703 of the Tax Reform Code, added by the Act of October 18, 2006, P.L. 1149, 72 P.S. §§9702-9703.

[6] *See Bynum v. Department of Revenue*, 484 A.2d 210 (Pa. Cmwlth. 1984) (noting that the petitioner failed to challenge assessment within time prescribed and thus could not raise a challenge by way of a petition to open judgment); *see also In re Upset Sale of Lehigh County Tax Claim Bureau of Properties Held on September 15, 2021* (Pa. Cmwlth., No. 1442 C.D. 2021, filed Aug. 3, 2023) (stating that appellant could not initiate mandamus action by filing petition at tax sale docket number and that the improper commencement of the mandamus action deprived the common pleas court of power to act on the mandamus complaint).

[7] Our review of the record does not indicate that the trial court certified the Order for appeal, nor has Appellant filed a petition for permission to appeal to this Court. *See* Section 702(b) of the Judicial Code, 42 P.S. §702(b); Pa.R.A.P. 1311(b).

unrelated to the potential sale of the subject property.  *See* Trial Court Op. at 2.  We are thus without jurisdiction. *See Sentinel Ridge Development, LLC*, 2 A.3d at 1268.

Accordingly, we grant the Department's Application and quash Appellant's appeal.[8]

---

[8] On July 8, 2024, Appellant filed an Application for Relief motioning to change the name of the caption.  Given our disposition here, the Application for Relief is DISMISSED as moot. Additionally, on September 7, 2024, Appellant filed an Application for Relief seeking reconsideration of this Court's August 23, 2024 Order directing this matter to be submitted on briefs.  *See* Commonwealth Court 8/23/24 Order (Per Curiam).  Given our disposition here, the Application for Relief is DISMISSED as moot.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 1476 C.D. 2022 |
| | : | |
| Adolph Wright, | : | |
| | : | |
| Appellant | : | |

**PER CURIAM**

# **O R D E R**

AND NOW, this 23rd day of December, 2024, the Department of Revenue's Application to Dismiss Appeal for Lack of Jurisdiction is **GRANTED**, and the above-captioned appeal is **QUASHED**. Adolph Wright's Application for Relief filed on July 8, 2024, is **DISMISSED** as moot. Adolph Wright's Application for Relief filed on September 7, 2024, is **DISMISSED** as moot.